SADIE BOYLE, BY NEXT FRIEND, RESPONDENT, v. MANU-
FACTURERS LIABILITY INSURANCE COMPANY, AP-
PELLANT.

Submitted July 7, 1921—Decided November 2, 1921.

The policy of jitney insurance is one of indemnity under the statute
(*Pamph. L.* 1916, *p.* 283) for the benefit of the traveling public,
and whatever legal rights or equities may subsist as between the
insured and the insurer, by reason of any violation of the terms
of the policy, cannot affect the rights of the public who claim
under its provisions after such claim has been substantiated by a
judgment at law.

On appeal.

Before Justices TRENCHARD, BERGEN and MINTURN.

For the respondent, *Douglas D. T. Story* and *Gross &
Gross.*

For the appellant, *Randolph Perkins.*

The opinion of the court was delivered by

MINTURN, J. · The defendant company issued its policy of
indemnity insurance in the sum of $5,000 to Joseph and
Frank Petagiro upon their jitney bus, under the provisions of
chapter 136, laws of 1916, known as the Kates act. While the
policy was in force, and while the bus was in operation on
Ocean avenue in Jersey City, the plaintiff, while traveling
therein as a passenger, sustained an injury for which she
brought suit against the jitney owners, and recovered a judg-
ment for $5,500 in this court. Failing to collect the judg-
ment she brought this suit upon the policy of indemnity filed
by them with the municipality, the defendant company being
the insurer for $5,000 and obtained a judgment in the
Hudson Common Pleas for that amount, from which judg-
ment this appeal was taken.

The main contention of the defendant was that the original engine or motor in the auto bus had been changed, since the executing of the policy, and another motor of a different type substituted therefor. We think this point is sufficiently answered by the ruling of this court in the case of *Gillard* v. *Manufacturers Insurance Co.,* 92 *N. J. L.* 141; affirmed in the Court of Errors and Appeals in 93 *Id.* 215. That adjudication demonstrates that the policy of jitney insurance is one of indemnity under the statute for the benefit of the traveling public, and that whatever legal rights or equities may subsist as between the insured and insurer, by reason of any violation of the terms of the policy, cannot affect the rights of the public who claim under its provisions after such claim has been substantiated by a judgment at law.

The change of the motor, in this instance, if it took place as claimed, did not transform the jitney bus into a vehicle of a different character. It still remained the jitney bus to all appearance which was covered by the policy, so far as the general public were concerned. Its doors may have been transposed; its wheels may have been reduced in size; its tires of one make may have been changed for those of another make; it may have been painted a different color, but, so far as the public are concerned, it was the same licensed jitney bus, operated in the same manner and by the same owner, and substantially and in essence the same vehicle which was authorized by public license to do the business of a common carrier, upon the public highway. What legal effect, if any, such changes in detail may work as between insured and insurer can have no legal relation to the obligation which the insurer owes one of the traveling public, who may be damaged by the negligence of the vehicle while engaged in the designated public use. This construction of the policy renders it unnecessary to determine whether or not the defendant through its agent waived the alleged breach of the conditions of the policy incident to a change of motors. There was affirmative evidence to that effect and its weight and credibility were for the jury. *Kozloski* v. *Prudential Insurance Co.,* 95 *N. J. L.* 101.

We have examined the rulings of the trial court relative to the identification of the jitney bus, and the dealings and conversations of one of the bus owners with an alleged agent of defendant, and find no error therein. Nor do we find error in the trial court's refusals to direct a verdict for the defendant upon the ground of the change of the identity of the bus, by reason of the change of the motor, for the reason already stated. Under this view of the law, the charge of the trial court was based upon a conception of legal liability upon the part of the defendant too favorable, if anything, to the defendant, under the definitive adjudication in the Gillard case, as well as under the manifest public policy inherent in the provisions of the Kates act.

The judgment will therefore be affirmed.