Argued March 5; affirmed September 23, 1930

# ZIMMERMAN *v.* UNION AUTOMOBILE INSURANCE Co.

(291 P. 495)

*Earl F. Bernard* and *Henry E. Collier,* both of Portland (Collier, Collier & Bernard, of Portland, on the brief) for appellant.

*C. W. Robison,* of Astoria and *Hy Samuels,* of Portland (Julius Cohn, of Portland, on the brief) for respondent.

ROSSMAN, J. The assignments of error present no issues of pleading and appellant's brief does not argue that the court erred in its reception of the testimony; hence we shall proceed directly to a statement of the uncontradicted evidence for the purpose of determining whether the court erred when it directed a verdict in favor of the plaintiff. April 11, 1927, one H. L. Johansen, who was the owner of an automobile and who sought to obtain protection against claims for injuries inflicted upon others through its operation, procured from the defendant a policy of casualty insurance in the amount of $5,000, which contained among others the following provision:

"No action shall lie against the company to recover for any loss or expense under this policy unless brought after the amount of such claim for loss or expense shall have been rendered certain either by payment of final judgment against the assured after trial of the issues or by agreement between the parties with the written consent of the company. It is a condition of this policy that the insolvency or bankruptcy of the named assured shall not release the company, and if because of such insolvency or bankruptcy recovery cannot be sustained, the judgment creditor shall then have a right of action to recover against the company the amount of said judgment to the same extent that the named assured would then have had to recover had the named assured paid the judgment, but in no event shall the company's liability exceed the limits expressed in this policy or its obligation to the assured."

November 28, 1927, the defendant instructed its agent, Mr. E. P. Hawkins, to discontinue its business in the territory where Johansen resided and to cancel all

of its policies in that district on or before December 5, 1927. Hawkins apparently desired to retain his clientele and accordingly effected an arrangement with the National Union Indemnity Company which enabled him to issue policies in the latter company which would protect those whose policies he was about to cancel in the defendant company. Because of the time consumed in canceling the old policies and substituting in their stead new ones Hawkins did not prepare for Johansen a policy in the National Union Indemnity Company until December 29, 1927. The policy which he drafted on that day in the National Union Indemnity Company afforded to Johansen substantially the same protection which was provided in the policy issued by the defendant, and recited that it became effective December 29, 1927, at 12:01 a. m. The testimony does not disclose the precise day when it was delivered to Johansen; but the defendant concedes that delivery did not occur until after the accident had happened which injured the plaintiff. Johansen testified that he knew nothing about the new policy and the intention of the defendant to cancel his existing policy until "two or three days after" the accident; appellant's brief states that it was delivered "a short time after the collision." Defendant's policy provides: "This policy shall be cancelled at any time * * * by the company by giving five days notice of such cancellation either by registered letter directed to the insured, at his last known address, or by personal written notice." No written notice of any kind was given to Johansen and the first intimation which he received of the intended cancelation was when Hawkins handed to him the policy in the National Union Indemnity Company and expressed orally the desire of the defendant company that its

policy be terminated. At that time Hawkins gave Johansen the rebate for the unearned premiums which were thereupon applied upon the new policy and some days later Johansen paid the balance. The transaction just mentioned occurred in the latter's place of business and due to the fact that the policy in the defendant company was at his home he did not surrender it, although he promised to do so promptly. When a claim was presented against him on account of the accident, he decided to retain both policies, and at the time of the trial produced both. On the night of December 29, 1927, Johansen, while operating his automobile, injured the plaintiff. Thereafter she sued him and on October 3, 1928, recovered a judgment for $16,-864.86 which she has been unable to collect due to Johansen's insolvency. After a writ of execution had been returned unsatisfied she brought the present action to recover from the defendant $5,000, the amount of the policy. The defense interposed is that the insurance has been canceled. Johansen notified the defendant of the accident before Hawkins delivered the new policy to him. It is agreed that this case is not affected by 1927 Session Laws, chapter 216.

■ It is evident that Johansen acquiesced in Hawkins' effort to substitute the one policy for the other; he accepted the second policy, the rebate, promised to return the first, and a few days later paid the balance of the premium. It is true that he did not surrender the first policy, but this omission is fully explained by the circumstances which we have already related. It is plain that Johansen did not intend to provide for himself two policies of insurance. If the facts just related were the only circumstances before us, *Finley v. New Brunswick Fire Ins. Co.*, 193 Fed. 195, relied upon by

the defendant, would be applicable and recovery could not be had upon the policy executed by the defendant. But a very material distinction exists between that case and our present one. The policy now sued upon, in our opinion, is one which undertakes to afford protection against liability and makes as its beneficiaries, in the event of the assured's insolvency, individuals negligently injured by the latter. In the Finley case the policy, being one of fire insurance, was a contract of indemnity only, we assume. We are aware of the fact that the defendant places upon its policy a construction different than the above, but in arriving at our conclusion we have borne in mind the rule that ambiguities in an instrument should be construed in favor of the promissee when the promissor was its sole author and had the opportunity to prevent mistakes in meaning by employing exactness of expression: Williston on Contracts, § 621. The policy brought before the court by the judgment creditor in *Rose & Son v. Zurich Gen. Acc. & Liability Co.*, 296 Pa. 206 (145 Atl. 813), contained an insolvency clause somewhat similar to that in the defendant's policy. The court there held that the undertaking was one against liability and that the insolvency clause had the effect of making third parties, injured by the negligence of the insured, beneficiaries in the event of the assured's insolvency. We quote from the decision the following:

"While the claimant is uncertain until an accident happens, that event fixes legal responsibility, as to person, time, and place. The clause may be likened to a policy of life insurance in which the beneficial interest is payable to the estate of deceased. In such a case it cannot be known until death who the beneficiaries may be, whether heirs, creditors, or legatees; but the fact that no person is named is immaterial. It also

bears some similarity to contracts giving the insured the right to change the beneficiary, or a mortgagee clause in fire insurance, where loss, if any, is payable to the mortgagee."

See to same effect *Gugliemetti v. Graham,* 50 Cal. App. 268 (195 P. 64).

■ The meaning of the insolvency clause in the Rose case can be more readily discerned than the clause written by the defendant. We have studied carefully the latter and have concluded that it undertakes to afford to a judgment-creditor of the assured the same relief against the defendant as the assured would have had had he paid the judgment and proceeded against the company. We can readily agree with the holding in *Merriman v. Maryland Cas. Co.,* 147 Wash. 579 (266 P. 682, 63 A. L. R. 1040), that liability to the beneficiary may be conditional upon some stipulated act to be performed by the assured. Therefore, if the words, "it is a condition of this policy * * * the judgment creditor shall then have a right of action to recover against the company * * * to the same extent that the named assured would then have to recover," are intended to permit the beneficiary recovery only in the event the assured could recover we are confronted with the problem whether the company and the assured can cancel the policy after the beneficiary's identity becomes established. We shall express our opinion upon that problem, but before doing so we desire to state that we cannot concede that this interpretation, suggested by the defendant, is correct. In our opinion this language was intended to express the character of the beneficiary's right against the company; that is, it shall be as complete as the assured's right upon payment of the judgment.

We revert to the question whether the company and the assured can cancel the policy after the beneficiary's identity has become established. When such action is contemplated the following facts confront the parties: (a) the company for a valuable consideration has made a promise of which the injured party is the beneficiary, (b) the policy being one against liability is of value to the assured's estate: 9 Or. Law Rev. 57, (c) the policy confers a right of action upon the injured party: *Gugliemetti v. Graham,* supra, and *Rose & Son v. Zurich Gen. Acc. & Liability Co.,* supra, (d) the assured is insolvent, (e) the assured is indebted to the injured party, (f) although the contract to indemnify the assured against liability is of value to the estate of the insolvent the contemplated action would deprive the estate of the possession without substituting in its stead any value.

■■ Well established principles of law, as well as several adjudications by the courts of other states, return the answer that such a cancelation cannot affect the rights of the beneficiary. Applying the holdings in *Rose & Son v. Zurich Gen. Acc. & Liability Co.* and *Gugliemetti v. Graham* we find that the policy gave a direct primary right against the insurance company to any one injured by the insolvent assured. Much well reasoned modern authority can readily be found holding that such a right cannot be terminated without the acquiescence of the beneficiary of the promise: Williston on Contracts, § 396; Page on Contracts, § 2394; *Tweeddale v. Tweeddale,* 116 Wis. 517 (93 N. W. 440, 61 L. R. A. 509, 96 Am. St. Rep. 1003), and *Rogers v. Gosnell,* 58 Mo. 589. The following cases applied the principle just mentioned to controversies similar to ours, and held that a rescission to which the beneficiary

was not a party did not terminate his right: *Finkelberg v. Continental Cas. Co.*, 126 Wash. 543 (219 P. 12); *Rose & Son v. Zurich Acc. & Liability Co.*, supra, *Stusser v. Mut. Union Ins. Co.*, 127 Wash. 449 (221 P. 331), and *Metropolitan Cas. Ins. Co. of New York v. Albritton*, 214 Ky. 16 (282 S. W. 187); *Boyle v. Manufacturer's Ins. Co.*, 96 N. J. Law 380 (115 Atl. 383). See also the footnote in 41 A. L. R. at page 516. We subscribe to the same view. Moreover, when an automobilist and an insurance company effect a contract which confers a valuable right upon a third party, such as this plaintiff, the assent of the latter thereto may be presumed: Williston on Contracts, § 396. The essence of the contract of insurance was that if Johansen became indebted to any one through the negligent operation of his car and, because of insolvency, could not discharge the debt, the company would do so. We quote from Williston on Contracts, § 397: "A promise to a debtor to pay his debt is a valuable asset whether the creditor knows of it or not, and the debtor, if insolvent, has no right to dispose of it without receiving an adequate price for it."

We therefore conclude that the attempted rescission did not affect the rights of the plaintiff: 14 R. C. L., Insurance, § 192, p. 1013.

The judgment of the circuit court will be affirmed.

COSHOW, C. J., and RAND, J., concur.