Argued June 30; reversed September 6; rehearing denied
October 4, 1932

# ALLEGRETTO *v.* OREGON AUTOMOBILE
# INSURANCE CO.

(13 P. (2d) 647)

*W. H. Maguire,* of Portland (Dey, Hampson & Nelson and R. R. Morris, all of Portland, on the brief), for appellant.

*Frederick H. Drake,* of Portland, for respondent.

### On Motion to Dismiss Appeal

BELT, J. Respondent contends that the appeal should be dismissed for the reason that there has been a violation of Rule 10 of the Supreme Court which provides in part as follows:

"Points and authorities shall follow each assignment of error or proposition of law. Not exceeding five adjudicated cases should be cited under any particular point. Names of the parties and the volume and page of the case reported shall be stated. In citing textbooks, the edition, together with the number of the volume, page or section shall be given. Care should be used in the selection of cases cited. There is much waste of time in reading cases not in point."

While there has been a clear violation of the above rule, we think this is not a ground for dismissal of the appeal. A motion to strike the brief from the files would have been a more appropriate remedy. Even had such motion been made, its disposition would rest in the discretion of the court.

The motion to dismiss is denied.

## On the Merits

BELT, J. This is an action to recover on an insurance policy issued by the defendant company to indemnify Edward B. Harris against liability arising out of the operation and use of an automobile. During the life of the policy, the plaintiff was injured in an automobile accident and thereafter instituted action against Harris and Harold Victor Akre on the theory that they were joint tort feasors. Judgment in favor of plaintiff was obtained against both defendants, and, upon execution being returned unsatisfied, the plaintiff commenced the instant action. Upon trial both parties moved for a directed verdict. The court allowed the motion of plaintiff. Hence this appeal by the defendant insurance company.

Defendant asserts that Harris, the insured, breached the terms of his policy by failing to cooperate in the defense of the original action in that he made false and fraudulent representations as to the facts surrounding the accident, and, by reason thereof, his rights under the policy were forfeited. It appears from the uncontradicted testimony that Harris wilfully misrepresented to Mr. Swett, of counsel for the insurance company, that Akre was driving at the time of the accident. Harris later explained that his reason for so doing was that Akre had a driver's license with him, but that he did not. On the statement of Harris that Akre was the driver, Mr. Swett prepared the answer in the original action. About two or three days before trial it was learned that Harris's statement was false. Mr. Swett thereupon so advised the court and was granted permission at commencement of the trial to amend the answer by alleging that Harris was, in truth and in fact, the driver. When Mr.

Swett was advised by Harris and Akre as to the truth, he told Harris that the insurance company disclaimed any liability, by reason of his breach, and that "it was now his lawsuit and not the insurance company." Swett further testified: "I told him, however, that I would go ahead and try that case, but I wanted him to understand that in trying it I was expressly saving all rights of the insurance company as to denying liability, and that I wanted it understood and wanted it to be agreeable to him, or I would not try it under any other circumstances, and he said it would be agreeable to him."

We are convinced that the wilfully false statement of Harris constituted a breach of the cooperation clause of the policy. It was his contractual obligation to make a full, fair and complete disclosure of the facts relative to the automobile accident in order to enable the insurance company to determine whether the claim should be contested. Cooperation, within the meaning of the policy, does not mean that the insured is to aid and assist the insurer in the maintenance of a sham defense. It does, however, imply good faith. The insured is not obliged to keep his mouth closed merely because an insurance policy is involved. When he does speak, however, it must be to tell the truth. When the misrepresentation concerns a material matter and substantially affects the rights of the insurer, there is unquestionably a breach of the policy: *Seltzer v. Indemnity Ins. Co. of N. Y.*, 252 N. Y. 330 (169 N. E. 403); *Rochon v. Preferred Accident Insurance Company of New York*, 114 Conn. 313 (158 Atl. 815); *George v. Employer's Liability Assurance Corporation* 219 Ala. 307 (122 So. 175, 72 A. L. R. 1438); Huddy on Automobiles (9th Ed.), vol. 13-14, § 298; Vance on Insurance (2d Ed.), p. 915. See cases in note 72 A. L. R. p. 1453.

542

Judge Rudkin, in *New Jersey Fidelity & Plate Glass Co. v. Clark,* 33 F. (2d) 235, in construing the Oregon statute which authorizes an action of this character, said:

"* * * in the event of the bankruptcy or insolvency of the insured the policy gives a right of action to the injured party, but such an action cannot be maintained until a judgment has been recovered against the insured and an execution returned unsatisfied. * * * It would seem that it was the intent and purpose of this statute to subrogate the injured party to the rights of the insured upon the contingencies named and to give the injured party all the rights which the insured would have if he had paid the judgment, or if bankruptcy or insolvency had not intervened, including the right to recover costs and interest irrespective of the limits of liability contained in the policy."

*Metropolitan Casualty Co. v. Albritton,* 214 Ky. 16, (282 S. W. 187), supports the theory of respondent that the rights of the person injured are not subrogated to the rights of the assured, but such case is not in keeping with the decided weight of authority. *Zimmerman v. Union Automobile Insurance Co.,* 133 Or. 600 (291 P. 495), does not decide the precise question involved here, and, although some of the language used tends to support plaintiff's contention, it must be read in the light of the question before the court for consideration. *Slavens v. Standard Accident Ins. Co.,* 27 F. (2d) 859, follows the minority rule.

We think it is going too far to say that it must be shown that the misrepresentation affected the verdict. In *Coleman v. New Amsterdam Casualty Company,* 247 N. Y. 271 (160 N. E. 367, 72 A. L. R. 1443), it was urged that the default in cooperation should be condoned since there was no evidence that the cooperation

would have defeated the claim for damages or diminished its extent. Chief Justice Cardozo, in answering such contention, said:

"The argument misconceives the effect of a refusal. Cooperation with the insurer is one of the conditions of the policy."

It is true that, so far as the liability of the insurance company is concerned, it was immaterial, under the terms of the policy, whether Harris or Akre was driving the car, but can it reasonably be said that the insurance company's rights were not ,substantially prejudiced when it was obliged to file an amended pleading which had the effect of apprising the jury of the fact that Harris had not told the truth in the first instance? If, in truth, Akre was not driving the car, there would, of course, be no basis for a verdict against him. Yet, notwithstanding this amendment alleging that Harris was the driver, the jury, as evidenced by its verdict, refused to believe Harris. Apparently, his credibility as a witness was completely destroyed. The insurance company was the victim of the fraud and deception of one who had agreed to "render to the company all cooperation and assistance within his power except in a pecuniary way."

Does this breach of the contract of insurance by the insured preclude plaintiff from the maintenance of this action? Relative to this question, the plaintiff contends that, under the terms of the policy, he had "a direct, primary right against the insurance company which could not be terminated or affected, regardless of the acts of assured, without the acquiescence or consent of respondent," citing in support thereof, *Metropolitan Casualty Ins. Co. v. Albritton,* supra; *Slavens v. Standard Accident Ins. Co.,* supra.

and *Zimmerman v. Union Automobile Insurance Co.,* supra. The overwhelming weight of authority establishes that the plaintiff's rights are subrogated to those of the insured. The action is predicated on a contract of insurance and it seems obvious that, if one of the parties thereto has forfeited his rights therein, the plaintiff, who has only a beneficial interest, has no foundation for his action. We test the rights of the plaintiff by whether or not Harris, upon satisfaction of the judgment against him, could have recovered upon the policy: *Coleman v. New Amsterdam Casualty Co.,* supra; *Sears v. Illinois Indemnity Co.* (Cal.), 9 P. (2d) 245, and numerous cases therein cited; *Hynding v. Home Acc. Ins. Co.* (Cal.), 7 P. (2d) 999; *Lorando v. Gethro,* 228 Mass. 181 (117 N. E. 185, 1 A. L. R. 1374); Huddy on Automobiles (9th Ed.) vol. 13-14, § 325; Vance on Insurance (2d Ed.), § 178. See numerous cases annotated in exhaustive note beginning on page 1499, 72 A. L. R.

Having concluded that the assured failed to comply with the cooperation clause of the insurance contract, we pass to the question as to whether there has been a waiver of the breach by the insurance company by reason of having participated in the defense in the original action. As a general rule when counsel for the insured, after knowledge of a breach which would avoid the policy, continues with the defense, such conduct amounts to a waiver: Huddy on Automobiles (9 Ed.), vol. 13-14, § 299. Waiver is said to be an intentional relinquishment of a known right. In the instant case it appears, without contradiction, that counsel for the insurance company agreed to defend only upon the express condition that there should be no liability by reason of the contract of insurance. Such conduct is not inconsistent with the theory of for-

feiture. Since Harris, the assured, agreed to the conditional representation by counsel for the insurance company, it is plain that he could not have recovered on the policy had he satisfied the judgment against him. Certainly the plaintiff has no greater rights. There is no evidence from which it could reasonably be inferred that the insurance company intended to relinquish its right to declare a forfeiture. As stated in *Sargent Manufacturing Co. v. Travelers' Insurance Co.*, 165 Mich. 87 (130 N. W. 211, 34 L. R. A. (N.S.) 491):

"It may be laid down as a general rule of law, * * * that an indemnity insurer will not be estopped to set up the defense that the insured's loss was not covered by the contract of indemnity, by the fact that the insurer participated in the action against the insured, if, at the same time, it gives notice to the insured that it does not waive the benefit of such defense."

In *Basta v. United States Fidelity & Guaranty Co.*, 107 Conn. 446 (140 Atl. 816), the court said:

"Having clearly informed the assured that the appearance of its attorneys on his behalf was under a full reservation of its rights under the policy, and having performed no acts which were inconsistent with such reservation, the defendant has not waived its right to defend this action. An insurer is not estopped to set up the defense that the assured's loss was not covered by the contract of indemnity by the fact that the insurer participated in the action against the assured, if at the same time it gives notice to the assured that it does not waive the benefit of such defense." Citing numerous authorities.

See *Sears v. Illinois Indemnity Co.*, supra, and cases therein cited, to the same effect. Also see *Hermance v. Globe Indemnity Co.*, 221 App. Div. 394 (223 N. Y. S. 93).

It is alleged in the reply that "if the statements were made by Harris relative to who was driving the automobile in question, as alleged in defendant's further and separate answer and defense, that same were made by said Harris upon the suggestion and advice and at the instance and request of defendant by and through its agents, servants, employees and/or attorneys, and collusively so made with the intent and for the purpose of attempting to defeat recovery under said policy of insurance in the event judgment was rendered against Harris in said cause in the circuit court of the county of Multnomah, state of Oregon, wherein plaintiff was plaintiff and said Edward B. Harris and Harold Victor Akre were defendants." An examination of the record discloses that there is absolutely no testimony supporting this allegation relative to collusion.

The judgment is reversed and the action dismissed.

BEAN, C. J., BROWN and CAMPBELL, JJ., concur.