**Edward W. SHORE, Plaintiff,**

v.

**ST. PAUL FIRE & MARINE INSUR-
ANCE COMPANY, Defendant.**

**Civ. No. 64–397.**

United States District Court
D. Oregon.

April 1, 1965.

George A. Haslett, Jr., Portland, Or., for plaintiff.

Robert H. Hollister, Hollister & Thomas, Portland, Or., for defendant.

KILKENNY, District Judge.

This is a diversity case in which the plaintiff claims a right of recovery for injuries received while an employee of the Directors of the Multnomah County Library Association. Coverage C of said policy, under which plaintiff makes claim, is set forth in the footnote.[1]

1. *"To pay on behalf of the insured,* if any employee within a group of em-ployees hereinafter described shall sustain injury, including death resulting

Legal questions on which the parties desire pre-trial rulings are:

(1) Must plaintiff join as a "use" plaintiff, the assured named in the policy?

(2) Do the limitations provided under the provisions of the Oregon Workmen's Compensation Act [2] bar the plaintiff's claim?

(3) May plaintiff, if he prevails, recover attorney fees under the provisions of ORS 736.325?

(4) Has plaintiff, by claiming attorney fees, terminated the defendant's liability under the voluntary compensation endorsement?

## PROPER PARTY PLAINTIFF

■ (1) Defendant points to the language of the Court in Snook v. St. Paul Fire & Marine Ins. Co., 220 F.Supp. 314 (D.Or.1963), as authority in support of its position that the assured is a necessary party plaintiff. While I believe that the assured might well be joined as a "use" plaintiff under Fed.R.Civ.P. 20(a), the provisions of Rule 17(a) require, with certain exceptions, that the action must be prosecuted in the name of the real party in interest. To be sure, the assured might have prosecuted this action for the benefit of the plaintiff under the provisions of the Rule, but that permission does not preclude an action by the plaintiff in his own name. Liberty Mutual Ins. Co. v. Horton, 275 F.2d 148 (5th Cir. 1960), aff'd, 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961); New Amsterdam Cas. Co. v. W. D. Felder & Co., 214 F.2d 825 (5th Cir. 1954). The plaintiff is the real party in interest and may prosecute this action. Of importance is Zimmerman v. Union Auto Ins. Co., 133 Or. 600, 291 P. 495 (1930).

## STATUTE OF LIMITATIONS

■■ (2) The defendant is on very thin ice in urging that the time limits provided in the Workmen's Compensation Act of the state of Oregon, under which a claimant may file his claim, are applicable to an action instituted under the provisions of the voluntary compensation clause. While it is true that plaintiff's recovery is limited to the compensation and other benefits payable under the Workmen's Compensation Act, there is nothing in the Coverage C endorsement which would indicate an intention to substitute the limitations of the Workmen's Compensation Act for those of general application to actions on contracts.[3] For that matter, from a practical viewpoint, the peculiar requirements of the Workmen's Compensation Act could not be applied to an action by an employee under Coverage C. Plaintiff's claim under Coverage C has no standing before the Industrial Accident Commission of the State of Oregon and, plaintiff, even if so inclined, could not prosecute this litigation before that tribunal. Consequently, the time limits for prosecution of claims before the commission are here of no significance. Plaintiff's claim is not barred by the statute of limitations.

## ATTORNEY FEES

■ (3) The decision in Zurich Ins. Co. v. Sigourney, 278 F.2d 826 (9th Cir. 1960, is in direct conflict with defendant's contention. That case permits an allowance of attorney fees, on an endorsement, similar to, if not identical with, Coverage C, not only in the trial court, but also in the court of appeals. Supporting the conclusions in Sigourney is New York Life Ins. Co. v. Lee, 232 F.2d 811 (9th Cir. 1956).

therefrom, while employed by the insured in operations in a state specified opposite the description of such group of employees, *an amount equal to the compensation and other benefits which would have been payable under the workmen's compensation law* hereinafter designated for such group of employees had the injured employee and the insured been subject to such law with respect to such employment." (Emphasis supplied.)

2. ORS 656.284, 656.286.

3. ORS 12.080.

## POINT FOUR

 (4) My conclusions on point (3) should settle point (4). If plaintiff is entitled to recover attorney fees under the provisions of the compensation endorsement, it is then entirely illogical to argue that such an allowance amounts to a breach of the policy and, therefore, relieves the defendant of liability. If this conclusion is incorrect, then my Creator has left a void in my reasoning processes. More simply stated, I cannot follow defendant's argument on this point.

The above shall serve as guidelines during the trial of the above cause.

It is so ordered