Argued and submitted September 13, 1991, reversed and remanded March 11, 1992

## FARMERS INSURANCE COMPANY OF OREGON,
*Respondent,*

*v.*

## Bobby James STOCKTON;
Helen M. Wells; Dan E. Wells; Michael E. Wells;
James Daniels, Personal Representative for
the Estate of Steven Leslie Daniels, Deceased;
Denise Susan Rose; Richard Michael Hibbert;
Mary Ann Sulick and Lanette Marie Willyard,
*Defendants,*

*and*

## Jane KRIMMEL,
as Guardian Ad Litem
for Dawna K. Van Tryfle,
*Appellant.*

(16-89-07051; CA A66326)

827 P2d 938

Leslie M. Swanson, Jr., Eugene, argued the cause for appellant. With him on the briefs were Suzanne B. Chanti and Swanson & Walters, P.C., Eugene.

Joel S. DeVore, Eugene, argued the cause for respondent. With him on the brief were John Luvaas and Luvaas, Cobb, Richards & Fraser, Eugene.

Before Richardson, Presiding Judge, and Edmonds and De Muniz, Judges.

De MUNIZ, J.

Edmonds, J., dissenting.

## De MUNIZ, J.

Defendant, guardian *ad litem* of an accident victim, appeals from a declaratory judgment for plaintiff. The issue is whether default judgments against the named insured and the automobile driver bar the accident victim from litigating the issue of whether the driver was covered under the named insureds' policy. We conclude that the victim was not barred from litigating the issue, and we reverse.

On May 8, 1988, Stockton was driving a truck owned by the Wellses and insured by plaintiff. The truck was involved in an accident in which Dawna Van Tryfle, a passenger, was injured. Plaintiff sought a declaratory judgment that its policy does not cover liability for claims against Stockton on the ground that Stockton did not have "sufficient reason to believe that [he was using the truck] with permission of [the] owner." Plaintiff joined as defendants the named insureds, Stockton and the six passengers, including Van Tryfle, through her guardian *ad litem*, Krimmel.[1]

All of the defendants, except Van Tryfle, failed to appear, and the trial court entered default judgments against them. On the basis of their defaults, the trial court made a finding that Stockton was not covered by the policy. Plaintiff, relying on the default judgments against the Wellses and Stockton, moved for summary judgment against Van Tryfle. The trial court granted the motion.

Van Tryfle argues that the default judgments against the Wellses and Stockton do not preclude her from litigating the coverage issue and that allowing their defaults to defeat her claims eviscerates the purpose of the Uniform Declaratory Judgments Act.[2] Plaintiff responds that Van Tryfle's right to recover on the policy is derivative of the named insureds' contractual rights, that the defaults by the Wellses and Stockton admitted that Stockton was not covered and, therefore, Van Tryfle was barred from litigating the coverage issue.

---

[1] For the sake of clarity, we will refer to Van Tryfle, the accident victim, as the defendant throughout our opinion.

[2] ORS 28.010 to ORS 28.160.

Plaintiff's assertion that the right of an accident victim to recover under an insurance policy is derived from the contractual rights of the named insured is correct. *See Allegretto v. Or. Auto Ins. Co.*, 140 Or 538, 13 P2d 647 (1932); *Viking Ins. Co. v. Peterson*, 96 Or App 46, 49, 771 P2d 1022 (1989); *see also* ORS 23.230; ORS 742.031.[3] By the same token, any right that Stockton, the driver, has to coverage is also derived from the rights of the named insureds. The default judgments against the Wellses and Stockton amount to admissions by them of all of the material facts alleged against them. *State ex rel Nilson v. Cushing*, 253 Or 262, 265, 453 P2d 945 (1969). By allowing default judgments to be entered against them, they admitted that Stockton had used the Wellses' truck without sufficient reason to believe that he had their permission, that plaintiff's policy did not cover liability for claims against Stockton and that plaintiff had no duty to defend any claims against him.

With respect to those admissions, plaintiff argued below that "Defendant * * * is bound by the result." Plaintiff argues in its brief:

> "Because the rights of defendant Krimmel or Van Tryfle are not independent of those of defendants Stockton or Wells, her rights were determined with theirs. Summary judgment was proper."

The parties have framed the issue as this question of law: Could defendant have litigated the coverage issue any further, after the trial court entered default judgments against the Wellses and Stockton?

---

[3] ORS 23.230 provides:

"Whenever a judgment debtor has a policy of insurance covering liability, or indemnity for any injury or damage to person or property, which injury or damage constituted the cause of action in which the judgment was rendered, the amount covered by the policy of insurance shall be subject to attachment upon the judgment."

ORS 742.031 provides, in part:

"A policy of insurance against * * * injury suffered by an[y] person and for which the person insured is liable, shall contain within such policy a provision substantially as follows: '[If the injured party] shall obtain final judgment against the insured because of any such injuries, and execution thereon is returned unsatisfied * * *, then such person may proceed against the insurer [up to] the limit of this policy applicable thereto.' "

In *Grange Insurance Association v. Beleke*, 90 Or App 416, 752 P2d 864 (1988), the insurer had brought a declaratory judgment against the named insureds, the driver and the accident victim. It alleged that the accident was not covered, because the named insureds had made misrepresentations about the ownership and use of the car when they obtained insurance. The named insureds and the driver defaulted, and judgment was entered against them. We held that the rights between the named insureds, the driver and the insurer were established and concluded that entry of judgment against the accident victim was, therefore, proper. 90 Or App at 422.

Plaintiff contends, and the trial court agreed, that *Grange Insurance* controls this case. However, the posture of the parties in this case requires a different outcome. In *Grange Insurance*, the default by the named insureds resolved a misrepresentation issue against their interests. Their default substantially increased their exposure, by rendering them potentially liable for the full amount of any claim by the accident victim against them. They had ample motivation to contest the allegation of misrepresentation vigorously.

In contrast, the Wellses had everything to gain by conceding all of the issues in the declaratory judgment action in this case. If Stockton had driven their truck without permission, then Van Tryfle could have no viable claim against them for Stockton's use of it. Conversely, if the Wellses had entrusted the truck to Stockton, they would potentially be exposed to the amount of any judgment that exceeded the limits of their insurance policy. Clearly, it is in their best interest for the law of this case to be that Stockton was driving their truck without sufficient reason to believe that he had their permission. In reality, the Wellses' default was not an admission at all. A true admission requires conceding a fact that is adverse to one's interests. Allowing the Wellses to escape liability for Stockton's use of their truck by simply not answering a complaint against them defies logic. Considering that the Wellses' default did not really embrace any concessions, we see no reason to assure plaintiff victory against Van Tryfle on the basis of their default.

Plaintiff's reliance on *Allegretto v. Or. Auto Ins. Co.*, *supra*, is misplaced. In that case, the accident victim had

obtained judgments against Harris (the named insured) and Akre. Unable to satisfy those judgments, the victim sued the insurer. While the insurer was preparing its defense against the victim, Harris lied to Swett, the insurer's attorney. Harris told Swett that Akre, and not Harris, had been driving the car when the accident occurred. At trial, the evidence was uncontroverted that Harris had lied to Swett. The court granted the victim's motion for a directed verdict against the insurer. In reversing the judgment, the Supreme Court concluded that, by lying to Swett, Harris had breached the "cooperation clause" of his insurance contract. 140 Or at 541. Because of his breach, Harris could not have recovered on the policy. 140 Or at 544. The court held that the victim was precluded from recovering on the insurance contract, because her right could not be greater than Harris' rights under the contract, and he had none. 140 Or at 545.

*Allegretto* is inapposite to this case, because it had nothing to do with a default or issue preclusion. The evidence was uncontroverted that Harris breached the "cooperation clause" by lying to Swett. Nothing in that opinion even remotely suggests that the victim was barred from presenting contravening evidence. We assume that there simply was none available. *Allegretto* provides no authority for the proposition that the victim in this case is precluded from litigating the coverage issue. *See also State Farm Fire & Cas. v. Reuter*, 299 Or 155, 167 n 10, 700 P2d 236 (1985).

■ We hold that a default judgment does not bar a third party from litigating an issue, if the party against whom the issue was previously decided was not adversely affected by that adjudication. It makes no difference whether the issue was decided in a prior proceeding or in the same one, as it was in this case. The Wellses' default cannot bar Van Tryfle from litigating the issue of whether plaintiff's policy covered Stockton.

■ In contrast, Stockton's default did adversely affect his interests. His admission that he was using the Wellses' truck without their permission meant that he would be personally exposed to the full amount of any judgment that the victim might obtain against him. Nonetheless, Stockton's default does not preclude Van Tryfle from litigating the coverage issue. ORS 28.110 provides, in part:

> "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

This provision requires joinder of any person whose rights might be affected by a declaratory action and provides that the action may not prejudice the rights of a non-party. By its language, it makes Van Tryfle a necessary party.

In *Hough v. Porter*, 51 Or 318, 95 P 732 (1908), *mod* 51 Or 382, 98 P 1083, *reh den* 51 Or 445, 102 P 729 (1909), a similar statute brought several parties before the trial court. In that case, the plaintiffs alleged that the defendant had wrongfully constructed a dam on Silver Creek, which interfered with the flow of water onto their land. The court recognized that the water rights at issue could not be fully resolved without joining all persons whose property adjoined the stream and its tributaries. The court ordered their joinder pursuant to this statute:

> "The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court shall cause them to be brought in." 1 Codes and Statutes of Oregon, ch III, § 41 (Bellinger and Cotton 1902).[4]

A number of the parties failed to respond in the action. The court concluded:

> "While some [parties] did not see proper to affirmatively assert their rights, the neglect on their part to do so cannot affect the interest of the other parties to the suit, and, at most, could only result in a decree being entered precluding those in default from hereafter asserting any rights against the parties whose interests under the issues as made may here be adjudicated."

That language still rings true, and it guides us in interpreting ORS 28.110, the purpose of which must be to guarantee a person an opportunity to be heard before proclaiming a declaration that would adversely affect their

---

[4] The court observed that the common law would have made joinder of those persons appropriate, even without the statute. *Hough v. Porter*, 51 Or 318, 374, 95 P 732 (1908), *mod* 51 Or 382, 98 P 1083, *reh den* 51 Or 445, 102 P 729 (1909).

rights. The right to be heard necessarily includes the right to present evidence. Any other conclusion would render ORS 28.110 meaningless. Any party to an action under ORS 28.110 has the right to litigate any issue that affects their interests.[5] They cannot be required to entrust their fate to another party. ·

To the extent that our holding is inconsistent with *Grange Insurance Association v. Beleke*, *supra*, that opinion is overruled. Neither the Wellses' nor Stockton's defaults bar Van Tryfle from litigating the coverage issue.

Reversed and remanded.

**EDMONDS J.,** dissenting.

The majority overrules *Grange Insurance Association v. Beleke*, 90 Or App 416, 752 P2d 864 (1988), and holds that defendant's derivative rights against plaintiff are not precluded, even though plaintiff's insureds could not recover under their policy. That holding is not supported by a sound rationale.

In *Grange Insurance*, the appellants, an automobile accident victim and his insurer, appealed from a judgment granting declaratory relief to the plaintiff insurer. The judgment determined that the plaintiff's liability insurance policy did not cover the appellants' claims arising out of an automobile accident involving a car owned by the plaintiff's insureds. We affirmed, relying on *Allegretto v. Or. Auto Ins. Co.*, 140 Or 538, 13 P2d 647 (1932), for the principle that the appellants' rights were subrogated to those of the insureds, because their action was predicated on a contract of insurance. Therefore, the appellants' right to recover depended on

---

[5] The dissent argues that our conclusion means that ORS 28.110 "must afford defendant a right to litigate that is superior to what she would have had if she initiated the action." 112 Or App at 128. The dissent is wrong. If defendant had won the race to the courthouse, presumably she would have alleged that Stockton had permission to use the Wellses' truck. If the Wellses and Stockton had defaulted, their defaults would be admissions that Stockton did have permission. If they did not default, then the victim would have had the opportunity to present evidence on that issue. ORS 28.110 does not give the victim greater rights than if she had initiated the action. It prevents plaintiff from abrogating those rights by making a preemptive strike in a declaratory action that ensures victory for itself and the named insured if the named insured defaults. The dissent's view invites collusion. *See Grange Insurance Association v. Beleke*, 90 Or App 416, 424-25, 752 P2d 864 (1988) (Warden, J., dissenting).

the insureds' ability to recover under the policy. Because the insureds had no right to recover, the appellants also were unable to recover.

The majority acknowledges the holding in *Allegretto* but then makes an end-run around it by its interpretation of ORS 28.110. According to the majority:

"The purpose of ORS 28.110 must be to guarantee a person an opportunity to be heard before proclaiming a declaration that would adversely affect their rights. The right to be heard necessarily includes the right to present evidence. Any other conclusion would render ORS 28.110 meaningless. Any party to an action under ORS 28.110 has the right to litigate any issue that affects their interests. They cannot be required to entrust their fate to another party." 112 Or App at 126-27.

*Allegretto* was an action by a plaintiff who was injured in an automobile accident with the insured against an insurer to recover on the policy. This case is factually similar, except that plaintiff initiated the case under ORS chapter 28, seeking a declaration that there is no coverage under the policy for defendant's claim. Therefore, for the majority's conclusion to be correct, an action under ORS chapter 28 must afford defendant a right to litigate that is superior to what she would have had if she had initiated the action.

To support that distinction, the majority relies on *Hough v. Porter*, 51 Or 318, 95 P 732, 98 P 1083 (1909), for the proposition that a default judgment against some defendants cannot preclude other parties from litigating their rights as to their property interests. The majority's reliance on *Hough* is misplaced because the interests at stake there were not derivative of the defaulting parties, whereas as they are here. Finally, an action under ORS chapter 28 to determine coverage under an insurance policy is legal in nature, and general contract insurance law applies. *See May v. Chicago Insurance Co.*, 260 Or 285, 490 P2d 150 (1971). Under the substantive law, the fact that plaintiff initiated the action under ORS chapter 28 does not afford defendant any greater relief than the injured party was entitled to in *Allegretto*.

In sum, defendant's right to coverage is dependent on Stockton's right to coverage. The admission by Stockton as a result of the default judgment entered against him that

there is no coverage under plaintiff's policy is uncontroverted. In the light of the evidentiary record, the court did not err when it granted summary judgment to plaintiff.[1] The majority's holding, which overrules our decision in *Grange Insurance Association v. Belke, supra*, and effectively overrules the Supreme Court's holding in *Allegretto v. Or. Auto Ins. Co., supra*, is wrong.

I dissent.

---

[1] The majority perceives the question to be whether the default judgment precludes plaintiff's claim. I suggest the question is more properly cast as an evidentiary of whether plaintiff offered any evidence to contravene Stockton's admission in the summary judgment proceeding.