47 F.3d 1176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ST. PAUL GUARDIAN INSURANCE COMPANY, a Minnesota
corporation, Plaintiff-Appellee,
v.
OLD REPUBLIC INSURANCE COMPANY, a Pennsylvania corporation;
Dennis Trip, Personal Representative of the Estate of Stuart
W. Moore; Judith S. Moore, a natural guardian for Kate P.
Moore; IVAN L. GOLD, Personal Representative of the Estate
of Elana Bess Gold, Defendants,
and
Barbara Lynn Osborn, Personal Representative of the Estate
of Keith Dewayne Osborn, Defendant-Appellant.
 No. 93-35480.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 10, 1995.
Decided Feb. 21, 1995.
 
 1
 Before: PREGERSON and TROTT, Circuit Judges, and FITZGERALD,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Barbara Lynn Osborn, personal representative of the Estate of Keith DeWayne Osborn, appeals the district court's grant of summary judgment in favor of St. Paul Guardian Insurance Company ("St. Paul") in a declaratory action brought by St. Paul to determine its rights and responsibilities under an umbrella endorsement to a homeowner's liability insurance policy issued to Judith and Stuart Moore. The district court concluded the contract unambiguously excluded claims involving aircraft accidents from coverage under the umbrella policy. We Affirm.
 
 
 4
 A grant of summary judgment is reviewed de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). The appellate court's review is governed by the same standard used by the trial court under Federal Rule of Civil Procedure 56(c). Id.
 
 
 5
 St. Paul contends on appeal that the Estate of Osborn ("Osborn") is estopped from appealing the district court's judgment inasmuch as the Estate of Moore ("Moore"), the insured under the policy, did not appeal the decision. St. Paul's reliance on, and interpretation of, Oregon state law is erroneous.
 
 
 6
 First, St. Paul misinterprets the Oregon Court of Appeals' holding in Farmers Ins. Co. v. Stockton, 827 P.2d 938 (Or.Ct.App.1992), and its effect on Grange Ins. Ass'n v. Beleke, 752 P.2d 864 (Or.Ct.App.1988) overruled by, 827 P.2d 938 (Or.Ct.App.1992). Second, St. Paul errs in relying on Oregon state law instead of federal law.
 
 
 7
 The rule in this circuit is that, in a diversity action, the forum state's law applies to determine the preclusive effect of a previous judgment, even where the previous judgment was issued by a federal court under diversity jurisdiction. Bates v. Union Oil Co., 944 F.2d 647, 649 (9th Cir.1991), cert. denied, 112 S.Ct. 1761 (1992). However, the court in Bates determined:
 
 
 8
 Oregon has yet to resolve whether it would apply its own law or federal to determine the preclusive effect of a prior federal diversity judgment. We assume that Oregon, like Washington and California, would apply federal law to determine the preclusive effect of a prior federal judgment. Therefore, we apply federal law to determine the preclusive effect of the ... judgment.
 
 
 9
 Id. (citation omitted). We must therefore look to federal law in determining whether Osborn should be estopped from pursuing this appeal.
 
 Under federal law:
 
 10
 Where ... the appellant is a potential judgment creditor claiming liability in a state tort suit against the insured and is also a named defendant in the insurer's declaratory judgment action against the insured, the appellant has standing to appeal from the district court's determination that the insurer is not liable to the insured under the policy, even if the insured chooses not to appeal.
 
 
 11
 Grain Dealers Mut. Ins. Co. v. Lower, 979 F.2d 1411, 1413 (10th Cir.1992); see also Dairyland Ins. Co. v. Makover, 654 F.2d 1120, 1123 (5th Cir.1981) (holding that potential judgment creditors claiming liability in a state tort suit against a putative insured, have standing to appeal a judicial declaration that an insurance policy does not cover the putative insured). We reject St. Paul's contention that these cases do not refute its position because they address only the threshold issue of standing. Therefore, we conclude the issue of whether Osborn is estopped from bringing this appeal is controlled by federal law which clearly gives Osborn the right to pursue this appeal.[1]
 
 
 12
 Nevertheless, we cannot agree with Osborn's contention that the umbrella endorsement is ambiguous. The umbrella endorsement expressly states that it does not provide coverage for any of the "claims not covered that are listed in your PAK II policy." Major Exclusion # 11 in the PAK II policy provides that "PAK II does not cover liability resulting from airplane accidents."
 
 
 13
 We agree with the district court that "[a]ny other interpretation of the Personal Umbrella Liability Endorsement would require the court to 'apply a strained meaning to unambiguous language to create an ambiguity where none exists so that interpretation may be indulged to extend coverage.' " (District Court Opinion) (quoting Mortgage Bancorp. v. New Hampshire Ins. Co., 677 P.2d 726, 728 (Or.Ct.App.1984)). We are not persuaded that the sections of the umbrella endorsement describing its benefits are so inconsistent with the section describing the claims not covered as to make the provisions of the policy ambiguous.
 
 
 14
 Therefore, the conclusion of the district court that the umbrella policy unambiguously excludes liability coverage for airplane accidents is
 
 
 15
 AFFIRMED.
 
 
 
 *
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This is the same result as would be achieved under a correct interpretation of Oregon state law, were it controlling