Argued and submitted November 20, reversed and remanded December 24, 1996, petition for review denied March 4, 1997 (325 Or 45)

AUSTIN MUTUAL INSURANCE COMPANY,
a foreign corporation,
*Respondent,*

*v.*

Allen McMANNAMY,
Robert McMannamy and Richard Svatos,
*Defendants,*

*and*

Dennis LaROSE,
*Defendant-Appellant.*

Dennis LaROSE,
*Third-Party Plaintiff-Appellant,*

*v.*

Dick SVATOS,
dba Dick Svatos Insurance,
*Third-Party Defendant-Respondent.*

(94-10-06962; CA A89426)

929 P2d 1081

Richard L. Lonergan argued the cause for appellant. With him on the brief was Clint A. Lonergan.

Carl Amala argued the cause for respondent. With him on the brief was J.P. Harris, II, P.C.

Lisa E. Lear argued the cause for third-party respondent. With her on the brief were S. Joel Wilson and Bullivant, Houser, Bailey, Pendergrass & Hoffman.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

**LEESON, J.**

In this declaratory judgment action, defendant LaRose appeals from a summary judgment granted to plaintiff Austin Mutual Insurance Company (AMI). ORS 19.010(1), (2)(e). The trial court ruled that a default taken by AMI's insured, McMannamy, precludes LaRose from litigating the effective date of McMannamy's homeowner's insurance coverage.[1] We reverse and remand.

We view the facts in the manner most favorable to LaRose, the nonmoving party. ORCP 47 C; *Wallulis v. Dymowski*, 323 Or 337, 340, 918 P2d 755 (1996); *Jones v. General Motors Corp.*, 139 Or App 244, 911 P2d 1243, *rev allowed* 323 Or 483 (1996). Several days before October 13, 1993, McMannamy applied for homeowner's insurance with AMI. On October 13, before the completed policy application was received by AMI, McMannamy's dog attacked and seriously injured LaRose. LaRose sued McMannamy for his injuries; McMannamy tendered the claim to AMI. AMI then filed suit against McMannamy and LaRose under ORS 28.010 to 28.160, seeking a declaration that McMannamy's policy did not become effective until October 18, when AMI received the completed application. McMannamy defaulted. Based on that default, the trial court entered a judgment that McMannamy's homeowner's insurance policy with AMI became effective on October 18. Thereafter, AMI moved for summary judgment against LaRose, on the sole ground that the default judgment against McMannamy precludes LaRose from relitigating the effective date of McMannamy's coverage. During the summary judgment hearing, the trial court concluded:

> "I may be right or I may be wrong but I will tell you what the legal rule is. Mr. LaRose's rights are entirely derived from the McMannamys and he doesn't have any * * *. All [LaRose] is saying is that I had a right to an insurance policy that never existed."

[1] AMI names both Allen McMannamy and Robert McMannamy, Allen's son, in its complaint. Robert's only involvement in this case is his ownership of the dog that injured LaRose. Because the parties do not raise ownership of the dog as an issue on appeal, for the sake of clarity we refer to Allen and Robert McMannamy in the singular.

Accordingly, the trial court granted AMI's motion for summary judgment.[2]

LaRose first assigns error to the trial court's grant of summary judgment. LaRose argues that "ORS 28.110, as interpreted by *Farmers Ins. Co. v. Stockton*, 112 Or App 120, 827 P2d 938 (1992), specifically prevents the use of a default order to bind another party to the action," and that the default judgment against McMannamy therefore does not preclude LaRose from litigating the effective date of McMannamy's insurance coverage.[3] AMI responds that the default judgment against McMannamy conclusively establishes that McMannamy's insurance coverage became effective on October 18 and that LaRose's rights derive solely from McMannamy's nonexistent rights. AMI interprets *Farmers* to mean that, "because the McMannamys have been adversely affected by the default judgment in this case, defendant LaRose, as a third party, is barred from litigating the coverage issue." The only issue on appeal is whether, under *Farmers*, AMI is entitled to judgment as a matter of law. ORCP 47 C; *Jones*, 139 Or App at 244.

In *Farmers*, Stockton was driving a truck that was owned by the Wells and insured by Farmers. The truck was involved in an accident that injured Van Tryfle, a passenger. Farmers sought a declaratory judgment under ORS 28.010 to 28.160 against Stockton, the Wells and Van Tryfle, alleging that Stockton was not covered by the Wells' policy because he did not have the Wells' permission to use the truck. Stockton and the Wells defaulted. The trial court entered a judgment that the Wells' policy did not cover Stockton. Based on that default judgment, the trial court granted Farmers' motion for summary judgment against Van Tryfle.

---

[2] Although not relevant to this appeal, the procedural history of this case is somewhat more complex: LaRose initially moved to dismiss AMI's action for failure to join a necessary party, Svatos (the insurance agent who completed and mailed McMannamy's policy application), or in the alternative, to join Svatos. The trial court granted the motion to join Svatos. Accordingly, LaRose filed a third-party complaint against Svatos and AMI amended its complaint to add Svatos as a defendant. After entry of the default judgment against McMannamy and the summary judgment against LaRose, AMI voluntarily dismissed Svatos from the declaratory judgment action and the trial court dismissed Svatos from LaRose's third-party complaint.

[3] Svatos, third-party defendant-respondent, agrees.

We reversed and remanded. As to the Wells' default, we held that

"a default judgment does not bar a third party from litigating an issue, if the party against whom the issue was previously decided was not adversely affected by that adjudication." *Farmers*, 112 Or App at 125.

The Wells were not adversely affected by their own default, because if Stockton used their truck without their permission they risked no liability to Van Tryfle. Therefore, their default did not bar Van Tryfle from litigating the scope of the Wells' coverage. Stockton's default, by contrast, did adversely affect his interests, because that default made him personally liable for Van Tryfle's damages. Nonetheless, we held that Stockton's default did not preclude Van Tryfle from litigating the coverage issue, because

"[a]ny party to an action under ORS 28.110 has the right to litigate any issue that affects their [*sic*] interests. They [*sic*] cannot be required to entrust their [*sic*] fate to another party." *Id.* at 127 (footnote omitted).

Consistent with our holding in *Farmers*, McMannamy's default does not preclude LaRose from litigating the scope of McMannamy's coverage with AMI. McMannamy's default adversely affects his interests, because by admitting that he had no insurance coverage before October 13, McMannamy becomes personally liable to LaRose for damages. Regardless, the effective date of McMannamy's insurance policy affects LaRose's interests, because LaRose stands to benefit from the policy only if it became effective before October 13. Consequently, McMannamy's default does not preclude LaRose from litigating the scope of McMannamy's coverage. Therefore, under *Farmers*, AMI is not entitled to judgment as a matter of law and the trial court erred in granting summary judgment.

In the light of this disposition, we need not address LaRose's other assignments of error.

Reversed and remanded.