Argued September 26, affirmed October 23, 1957

# OHM *v.* FIREMAN'S FUND INDEMNITY COMPANY

317 P. 2d 575

*Earl Fewless,* Portland, argued the cause for appellant. On the brief were Yunker, Fewless & Hannam, Portland.

*R. E. Kriesien,* Portland, argued the cause for respondent. On the brief were Meindl, Mize & Kriesien, Portland.

PERRY, C. J.

The controlling facts of this case are stipulated to by the parties and, therefore, are not in dispute.

On December 21, 1951, a motor vehicle owned and operated by A. L. Johnson collided with an automobile owned by John C. Ohm and operated by his wife, Lois June Ohm, the plaintiff herein. Ensuing litigation produced a judgment in favor of the plaintiff, Mrs. Ohm, and against Johnson, the defendant in that cause, for her injuries suffered in the accident. At the time of this collision Johnson was covered by an operator's policy of liability insurance issued by the defendant herein, Fireman's Fund Indemnity Company. Johnson had been involved in a prior automobile collision and had carried no liability insurance, and he procured this insurance for the purpose of complying with the Oregon Motor Vehicle Safety Responsibility Act in order that he might retain his license to operate a motor vehicle. Johnson's application to the defendant insur-

ance company was for an operator's policy of public liability, which was issued to him, and the defendant insurance company then filed with the Secretary of State the required form, informing the Secretary of State that this "operator's policy" meeting the requirements of the Act had been issued to Johnson. As a result of the issuance of this policy, Johnson's driver's license was not revoked nor were his driving privileges restricted.

On August 22, 1951, Johnson became the owner of a 1939 Studebaker, and a certificate of registration for this automobile was issued to him by the Secretary of State. Johnson did not, however, inform the defendant of his ownership of this vehicle, and in December, 1951, the collision of his automobile with that of Ohm, resulting in the injury to the plaintiff, occurred.

■ In the action commenced by the plaintiff, and on which she recovered judgment against Johnson, the defendant herein refused to defend, and denied all liability under the policy on the ground that the policy of insurance as issued did not provide coverage while Johnson was operating a vehicle owned by him. On this ground defendant refused the plaintiff's demand that it discharge the judgment obtained by plaintiff against Johnson, and plaintiff then brought this action.

The trial court determined, as a matter of law, that the defendant insurance company was not liable to the plaintiff under the terms of the nonowner's liability policy, also referred to as an "operator's liability policy," issued to Johnson. From this determination the plaintiff has appealed.

The question is thus presented—By virtue of the Oregon Motor Vehicle Safety Responsibility Act (ORS chap 486), before its amendment by Oregon Laws 1955, ch 429, p 483, is an insurer, who has issued a liability

policy limiting coverage only to the operation of vehicles not owned by an insured, liable to third persons injured by the negligence of such an insured while he is operating a vehicle owned by him?

Johnson, after his first accident, was required to furnish proof of financial responsibility. ORS 486.015 (2), before its repeal, defined proof of financial responsibility as follows:

" 'Proof of financial responsibility' means proof of ability to respond in damages for liability, on account of accidents occurring subsequent to the effective date of the proof, arising out of the ownership, operation, maintenance or use of a vehicle of a type subject to registration under the laws of this state * * *."

and ORS 486.525 read as follows:

"* * * A person required to furnish proof of financial responsibility who:

"(1) Is the owner of one or more motor vehicles may, for the purposes of this chapter, obtain an owner's policy of liability insurance which covers all motor vehicles owned by him.

"(2) Is not the owner of a motor vehicle may, for the purposes of this chapter, obtain an operator's policy of liability insurance conforming with the provisions of ORS 486.535."

Johnson, not then being the owner of an automobile, qualified under subparagraph (2) of the Act by furnishing the operator's policy of liability insurance issued by the defendant.

ORS 486.530 provided the insured liability coverage of an owner of automobiles as follows:

"* * * every owner's policy of liability insurance * * * shall insure the person named therein and any other person, as insured, * * * against

loss from the liability imposed by law for damages arising out of the ownership, operation, maintenance or use of such vehicles * * *."

And in ORS 486.535 the insured liability coverage of a nonowner was as follows:

"An operator's policy of liability insurance shall insure the person named as insured therein against loss from the liability imposed upon him by law for damages arising out of the use by him of any motor vehicle not owned by him, within the same territorial limits and subject to the same limits of liability set forth in ORS 486.530."

ORS 486.505(2) provided as follows:

"Every such certificate shall give the effective date of the motor vehicle liability policy, which date shall be the same as the effective date of the certificate, and shall designate by explicit description or by appropriate reference all vehicles covered thereby, unless the policy is issued to a person with respect to any vehicle he operates or to a person who is not the owner of a motor vehicle."

The plaintiff's contention, as stated in her brief, is as follows:

"The critical point to be determined by this Court is whether or not the provisions for an 'operator's policy' is to be resolved as exclusive or inclusive. Appellant supports and urges the principle that ORS 486.535, relating to operator's policies should be read in conjunction with ORS 486.505, subdiv. 1 and 2, relating to owner's policies, and should be deemed inclusive, in effect, rather than be characterized by exclusion. It is appellant's contention that the Legislature, having very broadly detailed the requirements of proof of financial responsibility by owners, sought to plug the single remaining loophole where irresponsible operators might evade the act by operating vehicles in which they had no interest of ownership."

The fact that an operator's policy is specifically referred to, distinctly and separately from an owner's policy, and the liability coverage for ownership is more extensive than that of a nonowner, shows conclusively that the legislature intended an operator's policy to retain its distinction, but still remain within the sanction of the Act as a whole.

■ It is well recognized, when the language of an act is unambiguous the intent of the legislature must be gained from the language used. *State of Oregon v. Buck,* 200 Or 87, 262 P2d 495. In the construction of an unambiguous statute we are to ascertain and declare what is, in terms of substance, contained therein, not to insert what has been omitted or to omit what has been inserted. ORS 174.010.

It is our opinion that the language of the Oregon Motor Vehicle Safety Responsibility Act is clear and unequivocal with respect to the facts here presented and, thus, the plain meaning of the language of the Act should be followed. Pursuing this language, it cannot be disputed that the legislature expressly provided for at least two distinct, though not mutually exclusive, types of policies.

While we agree with the plaintiff that the legislature did not intend to leave any "loophole" for operators of motor vehicles under the provisions of the Oregon Motor Vehicle Safety Responsibility Act, it did not intend to "plug the loophole" as contended for by the plaintiff, but as follows:

ORS 486.425:

"Whenever any proof of financial responsibility no longer fulfills the purposes for which required, the department shall require the furnishing of other proof meeting the requirements of this chapter. If

such proof is not so furnished, the department shall suspend the license and registration or the non-resident's operating privilege of the person required to furnish it."

This section furnished an administrative procedure with which the legislature must have intended to "plug the loophole." The burden of determining when an individual's proof of financial responsibility is inadequate falls upon the department and not upon an insurer, for, even after an administrative determination of inadequacy, it leaves with the assured a choice of compliance with the finding of the department or loss of his license.

■ Examination of the policy issued to Johnson proves it to be a nonowners policy. Form SR 22A, accepted by the department, expressly certifies an "operator's policy." The contract, therefore, indorsed by the department, is fully in accord with the coverage provisions of the Act and in no way conflicts with it. The policy, insofar as it adheres to and does not conflict with the Act, constitutes the entire contract between the parties. ORS 486.555.

■ Plaintiff contends that, even if the above be true, liability is incurred, since a policy issued pursuant to a Financial Responsibility Act ceases to be a private insuring agreement, but is, in effect, a contract for the benefit of third persons, citing *Aetna Casualty & Surety Co. v. Gentry*, 191 Okl 659, 132 P2d 326, 145 ALR 623, *Century Indemnity Co. v. Simon*, 77 F Supp 221, *Farm Bureau Auto Ins. Co. v. Martin*, 97 NH 196, 84 A2d 823, and that, therefore, "no breach of warranty or violation of any of the provisions of the policy by the insured can relieve respondent of its primary obligation." Citing ORS 486.560; *American Auto-*

*mobile Ins. Co. v. Penn. Mutual Indemnity Co.* (Pa) 66 F Supp 159; *Bosse v. Wolverine Ins. Co.,* 88 NH 440, 190 A 715; *Fallon v. Mains,* 302 Mass 166, 19 NE2d 68; *Farm Bureau Auto Ins. Co. v. Martin,* 97 NH 196, 84 A2d 823; *Hoosier Cas. Co. v. Fox* (Ia), 102 F Supp 214; *In re Opinion of Justices,* 251 Mass 569, 147 NE 681; *Phoenix Indemnity Co. v. Conwell,* 94 NH 146, 47 A2d 827; *Polonitz v. Wasilindra,* 155 Pa Supp 62, 37 A2d 136; *Sky v. Keystone Mutual Cas. Co.,* 150 Pa Supp 613, 29 A2d 230; *Vrabel v. Scholler,* 369 Pa 235, 85 A2d 858; *Woloshin v. Century Indemnity Co.,* 116 NJ 577, 186 A 44.

ORS 486.560 provided:

"(1) Any motor vehicle liability policy may provide that the insured shall reimburse the insurance carrier for any payment the insurance carrier would not have been obligated to make under the terms of the policy except for the provisions of this chapter."

This enactment recognized that there might be situations where the Financial Responsibility Act imposes a liability that would not exist under the terms of the policy. For example, a breach of the policy by the insured might, in the absence of statute, give the insurer a defense, but such defense might be nullified by ORS 486.551 (formerly ORS 486.550). And the portion of ORS 486.560 above quoted (now ORS 486.561) provided a means whereby the insured could recoup its loss in such event from the insurer, without affecting the injured person's rights against the insurer. But that provision does not convert an operator's policy, which is expressly permitted by the act, into an owner's policy; and the purchase of the car by the insured was not a violation of the policy.

It is stated in 45 CJS 385, Insurance § 588, as follows:

"In view of the rule stated infra § 1191 that the injured person has no greater rights against a liability insurance company than has insured, it has been held, in the absence of statutory or contractual provisions to the contrary, that a liability policy avoidable as against insured for breach of a material condition of the policy is also avoidable as against the injured person; and it is generally held that this rule is not affected by statutory or contractual provisions making the insurance company directly liable to the injured person."

We have carefully examined the authorities cited by the plaintiff, but they are not applicable to the facts and statutory law of this case. There is no conflict between the act and the intended coverage of defendant's policy.

The judgment of the trial court is affirmed.

IN BANC

CHARLES W. REDDING, Judge.

*Earl Fewless,* Portland, argued the cause for appellant. On the brief were Yunker, Fewless & Hannam, Portland.

*R. E. Kriesien,* Portland, argued the cause for respondent. On the brief were Meindl, Mize & Kriesien, Portland.

PERRY, C. J.

The opinion rendered this day in the case of *Lois June Ohm v. Fireman's Fund Indemnity Company,* a corporation, is decisive of the issues in this case.

Judgment affirmed.