## HAND v. BLATZER, et al.
### No. 59-190-L.

Circuit Court, Duval County.

January 4, 1960.

Warren E. Thomas, Jacksonville, for plaintiff.

William M. Howell, Jacksonville, for the garnishee.

JOHN M. McNATT, Circuit Judge.

This cause was heard upon the "Motion for Summary Judgment for Garnishee", and was argued by counsel for the respective parties. The facts are not in dispute, and the only question involved is whether a policy issued by American Motorist Insurance Co. to the defendant Junior Holmes provided coverage under the circum-

stances of a motor vehicle accident on October 14, 1958, which gave rise to this controversy. Material to the point are the following facts —

1. As of April 25, 1958, the garnishee, American Motorist Insurance Co., issued its automobile policy to the defendant Junior Holmes. The policy covered Holmes' 1955 Chevrolet sedan described therein, and contained the following applicable exclusion —

> "This policy does not apply . . . (f) to a non-owned automobile while used . . . (2) in any . . . business or occupation of the insured except a private passenger automobile. . . ."

2. At the time of the accident and while the policy was in force, the defendant Junior Holmes was operating a Chevrolet pick-up truck in the business of his employer, the defendant D. Ed Blatzer, d/b/a Blatzer Iron Works. The pick-up truck had been furnished to Holmes by his employer, and Holmes had no interest therein. During the course of his operation of the pick-up truck, Holmes negligently injured the plaintiff, Oscar H. Hand, and Hand brought an action against both defendants for his alleged damage. Neither Holmes nor Blatzer defended, and a jury awarded damages in the amount of $7,350 to Hand.

3. The pick-up truck was not insured; and, being unable to collect his judgment from the defendants, plaintiff procured a writ of garnishment on the theory that the policy of American Motorist Insurance Co. afforded coverage to Holmes, and consequently it was liable on the policy for the amount of the judgment.

4. Before the issuance of the policy, Holmes had been involved in another accident, and the policy was issued under the requirements of the "Financial Responsibility Law". A "Financial Responsibility Endorsement" was attached to the policy, showing that an "Owner's Policy" had been issued to Holmes.

### Opinion

From the undisputed facts, it is clear that the unambiguous provisions of the policy exclude coverage under the circumstances of this case. The pick-up truck was a *non-owned vehicle;* it was not a "private passenger automobile", and the court may not, under the guise of construction, make a new contract for the parties to provide coverage. Haenal v. U.S. Fidelity and Guaranty Co. (Fla.), 88 So. 2d 888; 18 Fla. Jur., pages 82-84. But the plaintiff contends that the exclusion is void, because Holmes having been involved in a prior accident was required to procure the policy "as a requisite to his future exercise" of the privilege of operating a motor vehicle. Section 324.011, Florida Statutes 1957.

Under the statute the "operator or owner" of a motor vehicle, when required to do so, may prove his financial responsibility by furnishing satisfactory evidence of holding a motor vehicle liability policy (324.031) which may be either (1) an *"owner's"* or (2) an *"operator's"* liability policy as defined in section 324.151. In other words, the statute permits the furnishing of either of the two designated types of policies, and so long as the provisions of the policy furnished are not inconsistent with the requirements of the "Financial Responsibility Law" the insuring company cannot be held liable beyond the limits of the coverage specified in it. Howell v. Travelers Indemnity Co., 237 N.C. 227, 74 S.E. 2d 610; Russell v. Lumbermen's Mut. Cas. Co. v. Tobyne, 98 N.H. 318, 100 A. 2d 419. Such a policy — that is, a policy accepted as satisfactory evidence by the insurance commissioner and not inconsistent with the requirements of the statute — constitutes the entire contract between the company and the insured. Ohm v. Fireman's Fund Indemnity Company (Ore.), 317 Pac. 2d 575.

The policy involved is an *"owner's"* policy, and complies with provisions of section 324.151 (1) in that it insures the owner or other person operating the motor vehicle explicitly described therein —"against loss from the liability imposed by law for damage arising out of the ownership, maintenance or use of such motor vehicle. . . ." The statute does not require that an *"owner's"* policy insure the owner in his operation of a *non-owned* motor vehicle, Howell v. Traveler's Indemnity Co., supra; and the above mentioned exclusion is not repugnant to or inconsistent with the requirements of the "Financial Responsibility Law". Employer's Liability Assurance Corp. v. Owens (Fla.), 78 So. 2d 104; Zipperer v. State Farm Mutual Automobile Ins. Co. (C.A. 5), 254 Fed. 2d 853; Booth v. American Casualty Company, (C.A. 4), 261 Fed. 2d 389. Although there is a demonstrated "loop hole" in the purpose of the law *to provide financial security by "owners and operators* whose responsibility it is to recompense others for injury" (324.011), the court is powerless to plug the gap. Howell v. Travelers Indemnity Co., supra.

Finding that there is no genuine issue as to any material fact and that the garnishee is entitled to judgment as a matter of law, it is ordered and adjudged that the plaintiff, Oscar H. Hand, take nothing by the garnishment and that the garnishee, American Motorists Insurance Co., a corporation, go hence without day and do have and recover of and from the plaintiff, Oscar H. Hand, its costs in this behalf expended, for which let execution issue.