Argued and submitted November 4, 1988, reversed and remanded with instructions to dismiss March 22, reconsideration denied May 12, petition for review allowed August 1, 1989 (308 Or 197)

# VIKING INSURANCE COMPANY OF WISCONSIN,
*Appellant,*

*v.*

# PEROTTI et al,
*Respondents.*

## (86-711-CV; CA A47402)

770 P2d 930

Joel S. DeVore, Eugene, argued the cause for appellant. With him on the briefs were Louis L. Kurtz, Rodney B. Carter and Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

George W. Kelly, Eugene, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

Plaintiff insurance company seeks a declaratory judgment that the "broad form" automobile liability insurance policy that it issued to defendant Perotti does not require it to defend Perotti against a claim arising out of an accident in which defendant Bauwens was injured. The trial court ruled that the policy must be read to cover the accident as a result of the Financial Responsibility Law, *former* ORS chapter 486, and that plaintiff had a duty to defend Perotti as matter of law.

An insurer's duty to defend is determined by comparing the terms of the policy with the allegations in the underlying complaint. *Ferguson v. Birmingham Fire Ins. Co.,* 254 Or 496, 460 P2d 342 (1969); *Albertson's Inc. v. Great Southwest Fire Ins. Co.,* 83 Or App 527, 732 P2d 916, *rev den* 303 Or 332 (1987). Plaintiff's policy issued to Perotti insured any car, owned or nonowned, being used by *Perotti.* Bauwens was allegedly injured while riding as a passenger in Perotti's pickup truck, which was being driven by a third person with Perotti's permission. Plaintiff argues that, because Perotti was not driving the vehicle, he was not using it and, on the face of the policy, the incident is not covered. Plaintiff contends, therefore, that it has no duty to defend Perotti against Bauwen's claims.

*Former* ORS 486.541(1) provided, in part:

> "Every motor vehicle liability insurance policy issued for delivery in this state shall * * * contain an agreement or endorsement which provides that the insurance is provided thereunder in accordance with the coverage defined in this chapter as respects bodily injury and death or property damage, or both, and is subject to all the provisions of this chapter."

*Former* 486.011(11) provided, in part:

> " 'Motor vehicle liability insurance policy' means a policy or part of a policy either designating by explicit description or by appropriate reference all motor vehicles for which coverage is provided by the policy *and insuring the named insured and all persons insured under the terms of the policy against loss from the liabilities imposed by law for damages arising out of the ownership, operation, use or maintenance of those motor vehicles.*" (Emphasis supplied.)

As indicated by those two sections, the Financial Responsibility Law requires that coverage be provided to the insured for liability arising out of the ownership, operation, use or maintenance of a motor vehicle for which coverage is provided. Whatever the actual terms of plaintiff's policy, we would construe it to provide that coverage. *State Farm Fire and Casualty Co. v. Jones,* 306 Or 415, 418, 759 P2d 271 (1988).

■ That does not end the inquiry, however. Because the complaint in the underlying action against Perotti is not in the record or paraphrased in the complaint, we are unable to tell whether Bauwen's action is based on a theory that Perotti is liable for damages arising out of his ownership, use or maintenance of the vehicle, for which plaintiff is required by its contract or by law to provide coverage. Because plaintiff had the burden to prove that Bauwen's allegations were not within the coverage provided by the policy or required by law, it had the duty to produce evidence of the basis for the underlying action. It did not.

Viking was not entitled to a declaration that it had no duty to defend. Conversely, the record does not disclose that the basis for Bauwen's claim would require a defense when the policy is read to include coverage required by the Financial Responsibility Law. The court is unable to declare the rights of any party under Viking's policy with respect to a complaint about which the record is silent.

Reversed and remanded with instructions to dismiss.