Argued and submitted February 6, reversed in part; otherwise affirmed April 5, Viking Ins. Co.'s reconsideration and Thompson's reconsideration denied May 26, both petitions for review allowed August 1, 1989 (308 Or 197)

## VIKING INSURANCE COMPANY OF WISCONSIN,
*Respondent,*

*v.*

## PETERSEN et al,
*Defendants,*

*and*

## THOMPSON,
*Appellant.*

(87-CV-201; CA A47926)

771 P2d 1022

R. Daniel Simcoe, Grants Pass, argued the cause for appellant. With him on the briefs was Brown, Hughes, Bird, Lane & Simcoe, Grants Pass.

Joel DeVore, Eugene, argued the cause for respondent. With him on the brief was Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Viking Insurance Company of Wisconsin (Viking) sought a declaratory judgment that its policy provides no coverage for its named insured, Randle, and Petersen for matters alleged in an action brought by the personal representatives of the estates of Patricia Medina and Luis Medina, who were killed when the motorcycle on which they were riding collided with a car owned by Randle and driven by Petersen, who was under the age of 25. The trial court granted a summary judgment to Viking, ruling that its policy provides no coverage for Randle or Petersen, because a policy endorsement excludes from coverage all accidents occurring while the "car is being driven by a person under the age of 25." The estate of Patricia Medina appeals, arguing that the trial court erred in relying on facts contained in unsworn statements referred to in an affidavit and in determining that the policy endorsement excludes coverage.

The estate alleged in the complaint in the underlying action that Petersen, age 19, was negligent in the operation of Randle's car, which collided with the motorcyle on which Medina was a passenger, resulting in her injury and death. It further alleged that, at all relevant times, Petersen was a member of Randle's family and household and was using the vehicle with the express knowledge and consent of Randle and that she was his agent. It alleged that Randle was negligent in his entrustment of the car to Petersen, whom he knew to be so incompetent to drive as to be likely to drive negligently and that Randle was liable for damages suffered by Medina under the family purpose doctrine.

The policy issued by Viking to Randle contains a clause insuring members of Randle's family and household and those using the car with his permission. It also contains the following amendatory endorsement:

"This policy won't provide any insurance while the car is being driven by a person under the age of 25 unless that person is named in the declaration page."

Petersen was not named as an insured or on the declaration page of the policy. On its face, the effect of the endorsement is to exclude coverage for the accident, both as to Petersen and Randle. The estate contends that the policy endorsement is

inconsistent with the Financial Responsibility Law, ORS chapter 806.

Neither Randle nor Petersen appeared in this proceeding. The trial court entered an order of default against them. In *Grange Insurance Association v. Beleke,* 90 Or App 416, 752 P2d 864, *rev den* 306 Or 101 (1988), the insurer asserted in its action for declaratory judgment of the coverage of its policy that the misrepresentations of the insured in obtaining the policy provided an excuse for the insurance company to avoid the policy. The insured did not appear in the declaratory judgment proceeding, and the trial court entered an order of default, determining that the policy provided no coverage. The trial court held that, because the injured party's rights cannot be greater than the rights of the insured, the default judgment against the insured determining that the policy provided no coverage was binding on the injured party. We affirmed.

■ Arguably, *Grange Insurance Association v. Beleke, supra,* would require that we affirm the trial court here on the ground that, because the rights of the estate are derived from the rights of Randle and Petersen and because Randle and Petersen have not appeared and the court has entered an order of default against them, they have no rights under the policy and, therefore, neither does the estate. *Grange* is distinguishable, however. There, due to the misrepresentations of the insured in obtaining the policy, the insurer was excused from providing any coverage. The final outcome of the litigation of those facts concerning the insured's conduct was binding on the injured party.[1] Here, however, there is no

---

[1] Two cases on which we relied in *Grange Insurance Association v. Beleke, supra,* also held that the injured person's right to recover under the policy is derivative from the right of the insured. In *Allegretto v. Or. Auto Ins. Co.,* 140 Or 538, 13 P2d 647 (1932), *overruled on other grounds Bailey v. Universal Underwriters Ins.,* 258 Or 201, 219, 474 P2d 746, 482 P2d 158 (1970), the Supreme Court held that, when the insured had breached the insurance contract by failing to cooperate in the defense of the original damage action and thereby forfeited his rights under the policy, the injured party had no rights under the policy. In *State Farm Fire & Cas. v. Reuter,* 299 Or 155, 166, 700 P2d 236 (1985), the Supreme Court held that the insured party's criminal conviction for intentionally assaulting the injured party would collaterally estop him from collecting on a policy that excluded coverage for intentional acts and that the injured party was likewise estopped. In both of those cases, the litigation of factual questions relevant to the coverage of the policy resulted in a determination that the insured person was not covered. The injured person was bound by those factual determinations. Here, on the other hand, the question is one of law, concerning the scope of coverage of the policy required by law.

contention that Randle does not have insurance or that Viking should be able to avoid the policy due to some conduct of the insured. The only argument made by Viking is that the *scope* of coverage is limited by the terms of the policy. The estate's argument concerning the requirements of the Financial Responsibility Law raises a legal question about the construction of the policy and the insurance statutes. Although neither Randle nor Petersen appeared, the estate, as a party to the declaratory judgment proceeding and as a potential judgment creditor of both Randle and Viking, has a sufficient interest in the outcome to contest that legal determination. As a matter of law, the policy and statutes either provide coverage or they do not. Randle's and Petersen's failure to appear cannot deprive the estate of the right to obtain a correct determination as to the scope of coverage. We therefore consider whether the law requires that the policy provide coverage for either Randle or Petersen.

■ We first consider whether, under the requirements of the Financial Responsibility Law, the policy could exclude direct coverage of Petersen. ORS 743.776(1) provides:

> "Every motor vehicle liability insurance policy issued for delivery in this state shall state the name and address of the named insured, the coverage afforded by the policy, the premium charged therefor, the policy period, and the limits of liability, *and shall contain an agreement or endorsement which provides that the insurance is provided thereunder in accordance with the coverage described under ORS 806.070, 806.080 and 806.270* as respects bodily injury and death or property damage, or both, and is subject to all the provisions of the Oregon Vehicle Code relating to financial responsibility requirements as defined in ORS 801.280 and future responsibility filings as defined under ORS 801.290." (Emphasis supplied.)

ORS 806.080(1) provides:

> "A motor vehicle liability insurance policy used to comply with financial responsibility requirements under ORS 806.060 must meet all of the following requirements:

> "(1) It must be a policy or part of a policy designating, by explicit description or by appropriate reference, all motor vehicles for which coverage is provided by the policy and *insuring the named insured and all other persons insured under the terms of the policy against loss from the liabilities*

*imposed by law for damages arising out of the ownership, operation, use or maintenance of those motor vehicles.*" (Emphasis supplied.)

Thus, read together, ORS 743.776(1) and the Financial Responsibility Law require that the named insured and all persons insured under the terms of a policy issued in this state be provided coverage against loss "from the liabilities imposed by law for damages arising out of the ownership, operation, use or maintenance of those motor vehicles." *Viking Ins. Co. v. Perotti,* 95 Or App 621, 770 P2d 930 (1989). That is the coverage that Viking was required to provide Randle and all other persons insured under the policy. The statutes do not, however, require that specific persons be insured under the policy. They require only that persons who are insured be provided the coverage described in ORS 806.080. It was permissible under the statute for Viking to exclude direct coverage of certain individuals, other than the named insured, and it therefore could exclude direct coverage of those under the age of 25.

The Insurance Commissioner has promulgated OAR 836-85-115(2). That rule provides that "coverage may be excluded while the insured automobile is being driven" by someone under the age of 25. It provides, additionally, however, that coverage *may not* be excluded if the person under the age of 25 is an agent or employe of the named insured. If, as the complaint in the underlying action alleges, Petersen was driving the car as Randle's agent, the administrative rule would require direct coverage of Petersen.

■ Viking's motion for summary judgment was based in part on two affidavits, one of which incorporated typed, unsworn statements of Randle and Petersen, signed respectively by each. The estate contends that the unsworn statements are inadmissible hearsay. It contends, additionally, that they are the only evidence that Petersen was *not* acting as Randle's agent and that the court must have relied on them in reaching its determination that direct coverage of Petersen that is excluded by the express terms of the endorsement in the policy would not otherwise be required by OAR 836-85-115(2). Without the statements, the estate contends, a question of fact remains as to whether Petersen was acting as

Randle's agent. If she was, she would be covered by the policy, as required by the administrative rule.

The statements were not hearsay as to Randle and Petersen. They were admissible against Randle and Petersen as statements made by them. OEC 801(4)(A). They were properly before the court as to Randle and Petersen as parts of an affidavit that is not otherwise challenged. Because the statements were unrebutted, there is no question of fact with respect to Randle and Petersen. Petersen was not Randle's agent. The estate's ability to recover on the policy depends on Randle's and Petersen's ability to do so. *See Grange Insurance Association v. Beleke, supra.* The factual determination that Petersen was not acting as Randle's agent is conclusive. The trial court therefore properly granted summary judgment to Viking and against the estate as to the policy's coverage of Petersen.

■■ We now consider whether the policy could properly exclude coverage of Randle. Because Randle is a named insured, Viking was required by the Financial Responsibility Law to provide coverage "against loss from the liabilities imposed by law for damages arising out of the ownership, operation, use or maintenance of" insured vehicles. ORS 806.080. The policy's blanket exclusion of coverage when a car otherwise insured is being driven by a person under the age of 25 potentially excludes coverage of Randle for acts that arise out of his ownership of that vehicle. To the extent that the policy excludes coverage for that risk, it is inconsistent with the Financial Responsibility Law.[2]

Regardless of a policy's express terms, we read it to provide the coverage required by law. *State Farm Fire & Casualty Co. v. Jones,* 306 Or 415, 759 P2d 271 (1988); *see Viking Ins. Co. v. Perotti, supra.* The estate's allegation in the underlying negligence action that Randle, as the owner of the vehicle, failed to use ordinary and reasonable care in entrusting its use to Petersen alleges negligence in the exercise of ownership and is sufficient to bring the case within the coverage required to be provided by law. We conclude, therefore, that Viking's

---

[2] If, and to the extent that, it permits such an exclusion, OAR 836-85-115(2) is also inconsistent with the requirements of the Financial Responsibility Law.

policy provides coverage for those matters alleged against Randle in the complaint.

Reversed as to the declaration that the policy does not provide coverage for Randle for the matters alleged in Medina's complaint; otherwise affirmed.