Argued and submitted October 3, the decision of the Court of Appeals reversed and
judgment of the circuit court affirmed December 28, 1989

## VIKING INSURANCE COMPANY OF WISCONSIN,
*Petitioner on Review,*

*v.*

## PEROTTI et al,
*Respondents on Review.*

(TC 86-711-CV; CA A47402; SC S36139)

784 P2d 1081

Joel S. DeVore, Eugene, argued the cause for petitioner on review. With him on the petition was Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

George W. Kelly, Eugene, argued the cause for respondent on review.

Thomas M. Christ, Portland, filed a brief on behalf of *amicus curiae* Oregon Association of Defense Counsel.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Plaintiff Viking Insurance Company issued a "broad form named driver endorsement" (named driver) motor vehicle liability insurance policy to defendant Perotti. Viking brought this declaratory judgment proceeding to determine whether the policy requires Viking to defend Perotti against a claim arising from an accident involving Perotti's truck in which co-defendant Bauwens was injured. The issue is whether the policy, which purports to insure Perotti only when he is driving, satisfies the requirements of the Financial Responsibility Law (FRL).[1]

The circuit court found that Viking's named driver policy did not satisfy the requirements of the FRL and that Viking had a duty to defend Perotti. In *dicta,* the Court of Appeals agreed. However, the court reversed and remanded the proceeding to the circuit court with instructions to dismiss, because the complaint in Bauwens' underlying action against Perotti was not in the record or paraphrased in the complaint herein, and the court concluded that it was unable to declare the rights of any party under Viking's policy with respect to a complaint about which the record was silent. *Viking Ins. Co. v. Perotti,* 95 Or App 621, 770 P2d 930 (1989). We reverse the Court of Appeals' decision and affirm the circuit court's judgment.

In 1983, Viking issued a motor vehicle liability insurance policy to Perotti covering his 1977 Datsun. In May, 1984, Viking issued a second policy to Perotti covering his 1978 truck which was involved in the accident herein.[2] In August, 1984, Perotti acquired a third vehicle. He contacted his insurance agent and asked about insurance for his third vehicle. The agent told Perotti about Viking's named driver policy, which did not cover any specific vehicle but did provide liability coverage for the insured driver while he was using "any car, owned or non-owned." At Perotti's request, Viking changed the insurance on his truck to named driver coverage. According to Viking, the effect of that change was that Perotti's policy thereafter covered his truck only if he was using it.

---

[1] At all times material to this case the FRL was found in *former* ORS chapter 486, now renumbered ORS chapter 806 and ORS 742.450.

[2] Apparently, Viking does not issue policies covering more than one owned vehicle on a single policy.

In August, 1985, Bauwens allegedly was injured in an accident involving Perotti's truck which was being used by a third person with Perotti's permission. Perotti was not driving his truck and he was not present at the time. Bauwens' complaint alleged that the truck was being used by one Stewart, Perotti's agent or employee, with Perotti's permission.[3] Perotti tendered the defense of Bauwens' claim to Viking, which brought this proceeding seeking a declaration that it had no duty to defend because Perotti was not driving his truck at the time of the accident. The circuit court concluded that Viking's named driver form of policy provided to Perotti did not satisfy the requirements of the FRL:

"[B]road form coverage, alone, is insufficient to enable a vehicle owner to make the certification necessary to register the vehicle in Oregon, if the owner is relying on insurance to meet the Financial Responsibility Law requirements. ORS 803.400, 806.060 and 806.080.

"To register a vehicle, the owner must be able to respond in damages for liability arising out of ownership, operation, maintenance or use of the motor vehicle. ORS 806.060. The policy issued to Mr. Perotti by plaintiff does not provide this coverage.

"A judgment as requested by plaintiff would not preclude Perotti from later questioning whether plaintiff was at fault in selling him this policy, knowing that he was the owner of three vehicles and had no other insurance, without warning him the broad form coverage was inadequate to enable him to renew registration of the vehicles."

Accordingly, the court entered judgment finding that declaratory relief was inappropriate and that the policy Viking had issued to Perotti failed to satisfy the requirements of the FRL.

On appeal, the Court of Appeals indicated in *dicta* that it would have construed Viking's policy in Perotti's favor:

"[T]he Financial Responsibility Law requires that coverage be provided to [Perotti] for liability arising out of the ownership, operation, use or maintenance of a motor vehicle for which coverage is provided. Whatever the actual term of

---

[3] Bauwens' complaint alleged that Perotti was liable under the Employer Liability Law, ORS 654.305-335, and for negligence on a theory of *respondeat superior*.

[Viking's] policy, we would construe it to provide that coverage. *State Farm Fire and Casualty Co. v. Jones,* 306 Or 415, 418, 759 P2d 271 (1988)." 95 Or App at 624.

However, the court reversed and remanded the proceeding to the circuit court with instructions to dismiss:

"Because the complaint in the underlying action against Perotti is not in the record or paraphrased in the complaint, we are unable to tell whether Bauwens' action is based on a theory that Perotti is liable for damages arising out of his ownership, use or maintenance of the vehicle, for which plaintiff is required by its contract or by law to provide coverage. Because plaintiff had the burden to prove that Bauwens' allegations were not within the coverage provided by the policy or required by law, it had the duty to produce evidence of the basis for the underlying action. It did not.

"Viking was not entitled to a declaration that it had no duty to defend. Conversely, the record does not disclose that the basis for Bauwens' claim would require a defense when the policy is read to include coverage required by the Financial Responsibility Law. The court is unable to declare the rights of any party under Viking's policy with respect to a complaint about which the record is silent." 95 Or App at 624.[4]

We allowed a motion to supplement the record on appeal to include the complaint in Bauwens' underlying action against Perotti. We now proceed to consider the case on its merits.

Viking contends that the circuit court erred in finding that Viking's named driver policy provided to Perotti did not satisfy the requirements of the FRL and that declaratory relief was not appropriate. Viking argues that named driver coverage was specifically authorized by *former* ORS 486.011(11), now ORS 806.080(1), which provided:

" 'Motor vehicle liability insurance policy' means a policy or part of a policy either designating by explicit description or by appropriate reference all motor vehicles for which coverage is provided by the policy and insuring the named insured and all other persons insured under the terms of the policy against loss from the liabilities imposed by law for damages arising

---

[4] An insurer's duty to defend is determined by comparing the terms of the policy with the allegations of the underlying complaint. *Ferguson v. Birmingham Fire Ins.,* 254 Or 496, 460 P2d 342 (1969); *Isenhart v. General Casualty Co.,* 233 Or 49, 377 P2d 26 (1962).

out of the ownership, operation, use or maintenance of those motor vehicles."

and by *former* ORS 486.506(1)(c), now ORS 806.270(4)(c), which provided:

"Every certificate of insurance shall:

"Describe all vehicles covered by the policy, unless such policy is issued with respect to all vehicles operated by the assured."

Viking also contends that its named driver policy is valid because the Insurance Division approved that form of policy in 1981. *See former* ORS 743.006.[5] It argues that the legislature delegated authority to the Division to regulate and approve insurance policies, as evidenced by the delegative terms in the statutory scheme for policing coverage, and that this court's review is limited to determining whether the agency's decision is within the range of discretion allowed by the more general policy of the statute. *See Springfield Education Assn. v. Springfield School Dist. No. 19,* 290 Or 217, 621 P2d 547 (1980). We find both of Viking's contentions unpersuasive.[6]

The motor vehicle liability insurance statutes, ORS 742.449 to 742.466, and the FRL, ORS chapter 806, provide a comprehensive scheme under which both drivers and vehicle owners are required to have liability insurance or a permissible substitute therefor. Motor vehicle liability insurance insures people from liability arising from the use of vehicles based on two elements, the driver, the vehicle, or both. Above all, the statutory scheme seeks to ensure that motor vehicle accident victims are compensated for their injuries. *See State Farm Fire and Casualty Co. v. Jones, supra,* 306 Or at 418;

---

[5] *Former* ORS 743.006(1), now ORS 742.003(1), provided:

"Except where otherwise provided by law, no basic policy form, or application form where written application is required and is to be made a part of the policy, or rider, indorsement or renewal certificate form shall be delivered or issued for delivery in this state until the form has been filed with and approved by the commissioner."

[6] *Amicus,* Oregon Association of Defense Counsel, argues that the FRL does not require Perotti's policy to cover Bauwens' claim because it was not a "certified" policy issued as proof of financial responsibility. We rejected that argument in *Viking Ins. Co. v. Petersen,* 308 Or 616, 784 P2d 437 (1989).

*State Farm Ins. v. Farmers Ins. Exch.*, 238 Or 285, 292-93, 387 P2d 825, 393 P2d 768 (1964).

The duty of a court when construing any statutory scheme is to discern and declare the legislature's intent. ORS 174.020. In determining legislative intent, the starting point is the language of the statutes themselves. *See Whipple v. Howser,* 291 Or 475, 479-80, 632 P2d 782 (1981).

*Former* ORS 486.011(7), now ORS 806.060, provided in part:

> " 'Future responsibility' or 'financial responsibility' means the ability to respond in damages *for liability, on account of accidents arising out of the ownership, operation, maintenance or use* of a motor vehicle * * *." (Emphasis added).

*Former* ORS 486.511, now ORS 806.270(6) and (7), provided:

> "(1)   The division shall not accept any certificate or certificates *unless all vehicles are covered that are registered in the name of* or operated by *the person furnishing such proof,* except vehicles in storage, the current license plates and registration cards for which have been surrendered to the division.
>
> "(2)   A licensee who causes a certificate or certificates of insurance to be tendered as proof of financial responsibility shall file with the division a statement that the certificate or certificates cover *all vehicles registered in his name.* The division may rely upon the accuracy of the information in a statement as to the extent of the coverage unless and until the division has reason to believe that the information is erroneous." (Emphasis added).

*Former* ORS 486.541(1), now ORS 742.450(1), provided:

> "Every motor vehicle liability insurance policy issued for delivery in this state shall state the name and address of the named insured, the coverage afforded by the policy, the premium charged therefor, the policy period, and the limits of liability, and shall contain an agreement or indorsement which provides that the insurance is provided thereunder in accordance with the coverage defined in this chapter as respects bodily injury and death or property damage, or both, and is subject to all the provisions of this chapter."

Viking's policy contained an endorsement promising compliance with the requirements of the FRL. *Former* ORS 486.011(7), now ORS 806.070-075, specifies the minimum limits of coverage.

The above statutes prescribed that all of Perotti's vehicles had to be covered by motor vehicle liability insurance policies for claims arising out of his "ownership, operation, use or maintenance" of such vehicles. *See State Farm Fire and Casualty Co. v. Jones, supra,* 306 Or at 417-18; *Snyder v. Nelson/Leatherby Ins.,* 278 Or 409, 414, 564 P2d 681 (1977); *See also Viking Ins. Co. v. Peterson,* 308 Or 616, 784 P2d 437 (1989).

In order to comply with *former* ORS 486.541(1), Perotti had to have a motor vehicle liability insurance policy

"* * * designating by explicit description or by appropriate reference *all motor vehicles for which coverage is provided by the policy* and *insuring the named insured* and all other persons insured under the terms of the policy *against loss from the liabilities imposed by law for damages arising out of the ownership, operation, use or maintenance of those motor vehicles." Former* ORS 486.011(11). (Emphasis added).

We construe the quoted statute as requiring Perotti to have had insurance for all his owned vehicles. By requiring that every motor vehicle liability insurance policy shall designate "by explicit description or by appropriate reference all motor vehicles for which coverage is provided by the policy," the legislature evidenced an intent to require that such insurance cover every vehicle registered in Oregon owned by the insured and known to the insurer. In this case, there can be no question that Viking knew Perotti owned the 1978 truck. The named driver policy at issue here was a substitute for a policy that Viking had issued earlier on that same truck.

The goal of protecting motor vehicle accident victims is best achieved by interpreting the FRL to require that all drivers and all registered vehicles be insured. ORS 742.450(1) requires that every motor vehicle policy "contain an agreement or indorsement which provides that the insurance is provided thereunder in accordance with the coverage described under * * * ORS 806.080 and ORS 806.270 * * *." *See former* ORS 486.541(1). ORS 806.080(1) requires that policies must designate covered vehicles and insure "against loss from the liabilities imposed by law for damages arising out of the ownership, operation, use or maintenance of [designated] vehicles." *See former* ORS 486.011(11). ORS 806.270(3)(a) requires that policies "meeting the requirements under ORS

806.080 * * * also [cover] all other persons who, with the consent of the insured, use the [described] vehicles * * *." *See former* ORS 486.411(1)(a). That requirement applies whether the vehicle owner was making an original application for registration or was filing to prove future responsibility. *Viking Ins. Co. v. Petersen, supra,* 308 Or at 621. Because Viking knew that the 1978 truck was owned by Perotti, in order to satisfy the requirements of the FRL Viking was required to (a) designate and describe the truck in its policy, and (b) provide the coverage required by ORS 742.450(1), ORS 806.070, ORS 806.080, and ORS 806.270(3)(a).

Neither the goal of the FRL to protect motor vehicle accident victims nor the language of the quoted statutes supports Viking's contention that its named driver policy provided to Perotti satisfied the requirements of the FRL under these facts. The owner of a vehicle registered in this state cannot satisfy the FRL by obtaining a policy which insures the owner only as a *driver.* Viking's policy, which purported to insure Perotti but to exclude his truck unless he was the driver, therefore, did not satisfy the FRL which required Perotti to have insurance for liability arising out of the "ownership, operation, use or maintenance" of that truck regardless of who was using the truck with Perotti's permission.

We construe Viking's policy to include all the coverage mandated by statute. *State Farm Fire and Casualty Co. v. Jones, supra,* 306 Or at 417-18. Although approved by the Insurance Division, Viking's named driver policy is not adequate coverage for the *owner* of a vehicle. The circuit court correctly found that Viking's named driver coverage provided to Perotti did not satisfy the requirements of the FRL and that Viking had a duty to defend Perotti.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is affirmed.