# DIXIE INSURANCE COMPANY,
*Respondent,*

*v.*

## Daryl QUESENBERRY,
Carrie Ann Hill and Michael B. Carlson,
*Defendants,*

*and*

## Georgina R. KRANTZ,
*Appellant.*

(16-89-00380; CA A61783)

795 P2d 1107

John Halpern, Jr., Eugene, argued the cause and filed the brief for appellant.

Joel S. DeVore, Eugene, argued the cause for respondent. With him on the brief was Luvaas, Cobb, Richards & Fraser, Eugene.

Before Graber, Presiding Judge pro tempore, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

In this declaratory judgment action, defendant Krantz appeals and assigns error to the trial court's grant of a summary judgment for plaintiff (Dixie). We affirm.

On April 29, 1988, Dixie issued a motor vehicle liability policy to defendant Quesenberry that provided coverage while he operated "[a]ny *non-owned* private passenger, utility car or utility trailer." (Emphasis supplied.) In early July, 1988, Quesenberry purchased a car. Approximately five or six weeks later, on August 20, 1988, while driving the new car, he was involved in an accident with two other vehicles. A passenger in one of the cars, Gina Fairchild, died as a result of the accident. Krantz is the personal representative of Fairchild's estate.

In January, 1989, Dixie sought a declaratory judgment that it has no duty to defend and is not liable for any claims arising out of the August 20 accident, because, at that time, Quesenberry was driving a vehicle that he owned and was, therefore, not covered by Dixie's policy. Dixie and Krantz filed cross-motions for summary judgment,[1] and the court granted Dixie's motion.

Krantz argues that the trial court erred in granting summary judgment, because the Financial Responsibility Law (FRL), ORS chapter 806, and the motor vehicle liability statutes, ORS 742.449 to ORS 742.466, mandate coverage by Dixie under these facts. Dixie argues that policies providing non-owned vehicle coverage are permissable, because an insurer may contract to insure fewer than all vehicles that a policyholder may drive. ORS 806.080(1); ORS 806.270(3)(b); ORS 806.270(4)(c); *Farmers Ins. Co. v. Stout,* 82 Or App 589, 594, 728 P2d 937, *rev den* 302 Or 657 (1986).[2]

■ FRL requires that drivers and vehicle owners have liability insurance or a substitute therefor. *Viking Ins. Co. v. Perotti, supra,* n 2. Compliance with FRL is mandatory and is

---

[1] The court entered default judgments against Quesenberry, as well as defendants Hill and Carlson, who were the drivers of the other vehicles involved in the accident.

[2] Dixie also argues that its non-owned vehicle policy is valid, because the Insurance Division approved the endorsement. That contention has no merit. *See Viking Ins. Co. v. Perotti,* 308 Or 623, 628, 784 P2d 1081 (1989).

evidenced by a certificate of insurance. ORS 806.270(3)(a) and (b) provide:

"(3) The certificate must show that the person required to make the future responsibility filing is *either:*

"(a) Insured by a policy meeting the requirements under ORS 806.080 that also covers all other persons who, with the consent of the insured, use the vehicles *owned by the person* making the filing: *or*

"(b) Insured against loss arising from liabilities imposed by law for damages arising out of the ownership, operation, use or maintenance of motor vehicles *not owned by the person required to make the filing.*" (Emphasis supplied.)

In *Ohm v. Fireman's Fund Indemnity Co.,* 211 Or 596, 317 P2d 575 (1957), the Supreme Court held that an insurer that issued a policy limiting coverage only to non-owned vehicles was not liable for damages arising from an accident in which the insured was operating a vehicle that he owned. The facts in *Ohm* were similar to this case. After Fireman's Fund Indemnity Company issued Johnson a non-owner or "operator's" policy, he purchased an automobile, but did not inform the insurer. Several months later, he was involved in an accident with a car driven by Ohm, who was injured. Ohm was awarded a judgment against Johnson and sought to compel Fireman's to pay it. Fireman's argued that it was not liable, because Johnson's policy did not provide coverage while he operated a vehicle owned by him. The court reviewed several statutes in the Motor Vehicle Safety Responsibility Act, ORS ch 486 (*amended by* Or Laws 1955, ch 429, § 483), a predecessor to FRL, and concluded that they did not mandate coverage under a non-owner policy for an after-acquired car.

*Ohm* established that a non-owned vehicle policy is permissible:

"The fact that an operator's policy is specifically referred to distinctly and separately from an owner's policy, and the liability coverage for ownership is more extensive than that of a nonowner, shows conclusively that the legislature intended an operator's policy to retain its distinction, but still remain within the sanction of the Act as a whole." 211 Or at 601.

ORS 806.270(3)(a) and (b), parts of FRL, contain language substantially similar to the language considered in *Ohm.* There are no differences that would affect the holding in *Ohm.*

Accordingly, an insurance policy that covers only non-owned vehicles is permissible, and FRL does not mandate that such a policy cover after-acquired vehicles.

■     Krantz relies on our opinion in *Viking Ins. Co. v. Perotti*, 95 Or App 621, 770 P2d 930 (1989).[3] After the briefs were filed in this case, the Supreme Court reversed our decision. *Viking Ins. Co. v. Perotti, supra* n 2. The policy was a "named driver policy" that did not cover any specific vehicle, but provided liability coverage for Perotti while he was using "any car, owned or non-owned." 308 Or at 625. One of Perotti's employees was involved in an accident while using a truck owned by Perotti. Viking argued that it was not liable for damages, because the named driver policy covered the truck only if Perotti was driving at the time of the accident, which he was not, and that such a limited policy was specifically authorized by statute.[4] The court disagreed and held that Viking's policy "did not satisfy the FRL which required Perotti to have insurance for liability arising out of the 'ownership, operation, use or maintenance' of that truck regardless of who was using the truck with Perotti's permission." 308 Or at 631.

*Perotti* is inapposite. Here, Dixie's policy specifically provided coverage only for non-owned vehicles operated by Quesenberry. That is a permissible type of policy under the statute. The trial court correctly granted summary judgment for Dixie.

Affirmed.

---

[3] Krantz also relies on our opinion *Viking Ins. Co. v. Petersen,* 96 Or App 46, 771 P2d 1022, *aff'd in part, rev'd in part,* 308 Or 616, 784 P2d 437 (1989), which involved a different endorsement and where, unlike in this case, the car that was involved in the accident was a *covered* vehicle under the express terms of the policy. That case does not aid Krantz.

[4] Viking relied on *former* ORS 486.011(11), now ORS 806.080(1), and *former* ORS 486.506(1)(c), now ORS 806.270(4)(c).